No. 24,583.

THE PUYALLUP AND SUMNER FRUIT GROWERS CANNING COMPANY, *Appellee*, v. THE GREENMAN BROTHERS MERCANTILE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE OF CANNED GOODS—*Default of Purchaser—Findings of Fact—Evidence*. Challenged findings of fact made by the trial court are held to be supported by sufficient evidence.

2. SAME—*Continuance of Cause—Judicial Discretion*. No abuse of discretion is shown in the refusal of a continuance of the cause asked by the defendant.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 7, 1923. Affirmed.

*A. C. Malloy, R. C. Davis*, and *Warren H. White*, all of Hutchinson, for the appellant.

*J. S. Simmons, Stuart Simmons*, both of Hutchinson, and *Thomas H. Reynolds*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Puyallup and Sumner Fruit Growers Canning Company sold a car of canned and preserved fruit to the defendant, The Greenman Brothers Mercantile Company, for $8,638.23,

each to pay a certain part of the freight for transporting the goods from Puyallup, Wash., to Hutchinson, Kan. The goods were shipped to Hutchinson, but on their arrival the defendant refused to accept them, and thereupon the plaintiff sold the goods for defendant's account to other dealers at considerable expense, receiving for them $5,880.16. The plaintiff brought this action to recover from the defendant the difference between the amount which the defendant agreed to pay and the amount for which plaintiff was able to resell the goods, together with the expenses incurred in making such a resale.

The defendant admitted ordering the goods but claimed that some of those forwarded were not ordered, that some were of grades and amounts different from those ordered, and further that the plaintiff agreed to send a salesman to canvass defendant's trade territory with the view of interesting dealers and obtaining dealers' orders for the goods and that this part of the agreement had been violated. It was also alleged that the orders were canceled by mutual consent of the parties. These averments of the defendant were denied by plaintiff. The court tried the case without a jury and found the contentions in favor of the plaintiff, holding that the defendant was chargeable for the contract price of the goods (less a small deduction upon apples), amounting to $8,543.20. It also found that the defendant was chargeable for the freight which it had agreed to pay in the amount of $701.54, and also with the expenses caused by defendant's refusal to accept the goods and for the resale of them amounting to $517.02. It was found that the defendant was entitled to a credit of the gross proceeds from the sale of the goods, $5,880.16, leaving a net balance due the plaintiff from the defendants of $3,886.63, for which judgment was rendered. The defendant appeals, and the principal complaint is that the findings are not sustained by the evidence.

On the contention that plaintiff had failed to provide a salesman in the trade territory of defendant in order to obtain dealers' orders for the class of merchandise sold, it may be said that there was testimony tending to show that a salesman was sent into the territory who canvassed it for a period and continued until the defendant informed him that he was no longer needed and that its own salesman could handle the taking of orders. Upon sufficient evidence the court

found that this provision of the contract had been fully performed by plaintiff.

As to the claim that original orders were materially changed by the plaintiff, it was shown that some changes were made but it was done with the assent of the defendant.

As to the contention that the defendant had offered to accept a few lots of the goods shipped before a resale of the goods was made by the plaintiff, there was testimony to the effect and the court found that only a conditional offer to accept these goods had been made by defendant and that this offer even was not made good when it had a chance to buy at the time of the resale.

We reach the conclusion that there was sufficient evidence to support the findings of fact made by the court and these findings under the governing rule must control the decision of this court. No abuse of discretion or error is shown in the refusal of a continuance asked by the defendant upon the grounds of the absence of a witness.

Judgment affirmed.