### C. W. SMITH v. WALDO WORSTER et al.

#### No. 10766.

PURCHASER PENDENTE LITE—*grantee of mortgagor before foreclosure begun, not in possession, not recording deed until after order of sale issued, deemed a.* A grantee of real estate, subject to a prior mortgage, who was never in possession of the land, and who, having knowledge that foreclosure proceedings upon the mortgage had been commenced against his grantors upon the assumption of their continued ownership of the land, fails to record his deed or otherwise give notice of his title until after judgment and order of sale in the foreclosure case, and who, although filing his deed for record intermediate the issuance of the order of sale and the sale, in nowise conveys notice in fact thereof to any of the parties to the case until after the sale and the purchase of the land by one of them against whom the money judgment was rendered, and who had assumed and agreed to pay the mortgage debt, will be classed as a purchaser *pendente lite* and cannot defend an action to quiet title to the land, brought against him by the purchaser at the foreclosure sale, upon the ground that he had not been made a party to the case and his right of redemption had not been foreclosed and barred.

Error from Lyon District Court. W. A. Randolph, Judge. Opinion filed October 8, 1898. *Affirmed.*

*J. A. Smith,* for plaintiff in error.

*Buck & Spencer,* for defendants in error.

DOSTER, C. J. This was an action to quiet title to a tract of land, brought by the defendant in error Worster, as plaintiff, against C. W. Smith, the plain-

tiff in error, as defendant.  The court below made
findings of fact which summarized are, that the land
was under mortgage executed by one Kennedy ; that
the plaintiff Worster derived title to it through suc-
cessive conveyances from the mortgagor ; that in the
deed to him he assumed and agreed to pay the mort-
gage ; that on September 21, 1887 he conveyed it by
warranty deed to one F. E. Smith, who assumed the
payment of the mortgage, and who in turn conveyed
it by warranty deed to his wife, Julia A. Smith, who,
however, did not assume the mortgage, and who there-
after, on July 3, 1889, together with her husband, exe-
cuted a deed of it to their son, C. W. Smith, the
plaintiff in error.  This deed was not filed for record
until May 17, 1890, prior to which time, October 17,
1889, suit was brought to foreclose the mortgage.  To
this suit Worster, the defendant in error, and F. E.
and Julia A. Smith were made defendants.  The plain-
tiff in error, C. W. Smith, was not made a defendant,
because of the non-record of his deed and because of
the plaintiff's lack of knowledge of his claim to the
land.

Judgment of foreclosure and for the amount of the
mortgage was rendered November 8, 1889, against
Worster and others liable therefor.  May 9, 1890, an
order of sale of the land was issued, and on June 10,
following, the land was purchased at the foreclosure
sale by Worster, the defendant in error, for a portion
of the judgment, soon after which he paid the re-
mainder to the judgment creditor.  This sale was con-
firmed June 30, 1890.  Although the deed to C. W.
Smith, the plaintiff in error, had been recorded inter-
mediate the issuance of the order of sale and the sale
of the land, the defendant in error Worster was igno-
rant thereof and of the said Smith's claim of title.
C. W. Smith, however, knew of the pendency of the

41—59 KAN.

foreclosure proceedings as they progressed. He never was in possession of the land, either personally or by tenant. Some other facts were found by the court, but in the view we take of the case it is not necessary to advert to them. They constitute additional grounds for affirming, as we do, the judgment of the court below.

The question at issue can be shortly stated. It is this : Can the grantee in a conveyance, with knowledge of the pendency of a·suit to foreclose a prior mortgage lien upon the land, brought and maintained upon the assumption that he had no interest in the subject-matter of the action, and who never, by possession of the land or otherwise, gave notice of his claim to it, withhold his deed from record until the case has progressed to judgment and the issuance of an order of sale, and then by filing it in the register's office arrest the conclusion of the case and bring to naught the efforts that far made to convert the land into money for the payment of the debt; and when sued by the purchaser, can one of the judgment debtors who was legally bound for its payment, in an action to quiet his title, successfully defend upon the ground that he, not having been made a party to the case, had an equity of redemption or other interest in the land of which he had not been foreclosed and barred ? Our very decided judgment is that he cannot do so. C. W. Smith was a grantee of mortgaged premises. He was a grantee before suit upon the mortgage, but he purchased with knowledge of the existence of the mortgage. He knew that without voluntary payment of the mortgage debt by those obligated to such duty the mortgage would be foreclosed as against those supposed to be interested in the land. With knowledge of this fact he neglected to put himself in the way of receiving information of the fore-

closure proceeding when it was instituted. He failed to record his deed and to thereby impart notice of his rights, and to put upon his adversary the obligation to inform him of the foreclosure action. What then results from this neglect of duty ?

Section 21 of the act concerning conveyances of real estate declares —

"No such instrument in writing shall be valid, except between the parties thereto and such as have actual notice thereof, until the same shall be deposited with the Register of Deeds for record." Gen. Stat. 1897, ch. 117, § 21.

This statute therefore prescribes a penalty for the neglect of duty towards others and lack of diligence to protect one's own interests. That penalty is that the unrecorded conveyance, except as between the parties thereto and those who have actual knowledge thereof, shall be *invalid* as long as it remains unrecorded. If, then, the deed of plaintiff in error was invalid until recorded it was as though he had no interest in the land until record was made. If he had no such interest until record was made, his rights dated from the time of record the same as though they had not been acquired until then. That being true, he was as a purchaser *pendente lite*. He was as though he bought pending the suit.

It cannot be claimed that an unrecorded deed is invalid for the time being simply because unrecorded, but that when recorded it carries the grantee's rights back in time and effect to the period of purchase, as against those who have acquired rights meanwhile. The record of a conveyance gives it no such retroactive effect. Until recorded it is invalid ; until then it has in legal contemplation no existence. Any other construction would not only nullify the intent but would change the actual letter of the statute. Had another in good

faith purchased the land from C. W. Smith's grant-
ors, he could have held it as against Smith. If there-
fore title by a purchaser of the land could have been
thus acquired pending Smith's failure to give notice
of his own title to it, why could not rights as a mort-
gagee in foreclosure be likewise acquired pending the
same failure to give notice? The statute does not de-
clare that an unrecorded deed shall be invalid as against
subsequent purchasers or other particular classes of
persons. It declares generally that such deed shall
be invalid; and that means invalid as against all
classes of persons, with any and all kinds of rights.
If rights as a mortgagee in foreclosure could be thus
acquired, could Smith thereafter do anything to de-
prive such mortgagee of his acquired rights? The
answers to all these questions seem obvious. They do
not need to be stated. What were the rights which
the mortgagee, and for that matter all the other par-
ties to the foreclosure action, acquired against C. W.
Smith through his failure to record his deed? They
were to institute and prosecute the foreclosure action
upon the assumption that title to the land remained
in the grantees of the last recorded conveyance, and
hence to treat all unrecorded conveyances of which
they might thereafter receive information as valid
only from the receipt of the information; and that
means to treat the grantees in such conveyances as
purchasers *pendente lite*.

Before C. W. Smith placed his deed upon record —
that is, before he in legal contemplation purchased the
land, a judgment of mortgage foreclosure had been
rendered against his grantors and sale proceedings
had been commenced. That judgment was *res judicata*,
and the right to institute and conduct the sale pro-
ceedings under the status fixed by the judgment fol-
lowed as a necessary consequence. The principle

thus stated was declared in *Utley v. Fee* ( 33 Kan. 689, 7 Pac. 559 ), wherein it was remarked :

" The title and estate of a person holding an unrecorded deed is, as to third persons without notice, wholly in the grantor, and the grantee is in privity with its [his] grantor, and any decree rendered against the grantor affecting the grantor's title is also in effect a decree rendered against the grantee, and it equally affects his title ; and the decree is *res adjudicata* as to the interests of all."

In that case it was likewise remarked : " Where a deed is recorded a long time after its execution, it probably takes effect, as to innocent third persons without notice, at the same time that it would if it were executed and recorded on the day on which it is recorded."

No construction can be evolved out of section 20 of the act concerning conveyances which militates against the above views. The declaration of that section that all subsequent purchasers and mortgagees shall be deemed to purchase with notice of recorded instruments from the time of their being filed for record means no more than it says. It simply establishes a rule of constructive notice. It does not assume to define rights, but only to declare a rule of notice as to rights. It gives to notice of rights no retroactive effect. On the contrary, it expressly limits the effect of such notice to the time of filing the instrument for record. Those rights therefore date only from the time of the notice as the origin of their existence. One of them perhaps, was the right to redeem in equity, but the right to stay a foreclosure proceeding, intervene in the suit and compel the parties to litigate the case anew is not one of them.

As opposed to these views, the case of *Holden v. Garrett* (23 Kan. 98), is cited and much commented upon. In that case it was held that an unrecorded mortgage, given before the levy of an execution issued upon a

general judgment, would take priority over a sale of the land made after the mortgage was recorded. The rule thus announced lends no support to the contention of the plaintiff in error. As pointed out in that case, liens of general judgments and execution levies upon land, by the very terms of the statute, can be acquired only upon the actual interest of the judgment debtor. Liens upon apparent but not actual interests cannot be obtained. The decision in the case was rested upon the further ground that a mere judgment creditor is not a *bona fide* purchaser and parts with nothing to acquire his lien, as does a purchaser for value ; and, as a further ground of distinction, not adverted to in the case because not necessary to the decision, it may be remarked that a case in which a general judgment only, and not a specific lien is sought, is not a *lis pendens* as to third parties. No one not a party to such case can be charged with notice of it until the judgment is obtained, and inasmuch as the statute rests the lien of such judgment only upon actual and not apparent interests, the judgment itself does not become *lis pendens* as to the actual owner of the land. If in such case a sale were made with the conveyance or mortgage still unrecorded, the purchaser would acquire the land to the exclusion of the real owner, not because the suit, or judgment, or levy, or sale, or all of them together, constituted a *lis pendens* as to the grantee or mortgagee of the unrecorded instrument, but he would acquire it as he might do by voluntary conveyance from the owner of the apparent title, that is because he would buy in ignorance of the real ownership of the land. However, should the conveyance hitherto unrecorded be filed for record before his purchase, and the real owner be thus disclosed, his rights as purchaser would in consequence be affected.

The question we have determined is not a new one although it has not often been before the courts. The views we express are in accord with all the decisions save that of *Grant v. Bennett* (96 Ill. 513), and even in that case a most vigorous dissent to the majority opinion was entered by Mr. Justice Dickey. The rule collected out of the several cases on the subject is stated in 13 Am. & Eng. Encyc. Law, 907, and to it, as briefly stated, we likewise subscribe.

"The holder of an unrecorded deed at the time a suit is commenced and *lis pendens* comes in force must be placed in the category of a *pendente lite* purchaser. . This is specially true where the recording laws declare that the instrument shall be effective as against purchasers and creditors from and after the filing for record or recording. As between the parties to the instrument it is valid without reference to its record; but under such statutes the instrument does not become effective as against purchasers and creditors until it is recorded. So, if prior to such record a suit is commenced involving the property, the *lis pendens* would take precedence to the rights of a grantee under an unrecorded deed or mortgage, and such grantee or mortgagee could have no better right than if the instrument had actually been made after the *lis pendens* had come in force, for the recording, as in favor of such persons, is one of the essentials to its validity. This is not an exception to the rule of *lis pendens*, but an application of the rule itself."

The judgment of the court below is affirmed.