THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ATCHISON v. OSCAR LIPS *et al.*

No. 13,426.    (76 Pac. 851.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Foreclosure for Taxes—Unrecorded Deed—Purchaser Pendente Lite.* One who has withheld his deed to real estate from record until proceedings instituted by the county to foreclose a lien for taxes, under chapter 392, Laws of 1901 (Gen. Stat. 1901, §§ 7718–7724), have resulted in a decree and sale of the land, is subject to the rules governing a purchaser *pendente lite.*

Error from Atchison district court; B. F. HUDSON, judge. Opinion filed May 7, 1904. Reversed.

*W. P. Waggener,* for plaintiff in error; *Waggener, Doster & Orr,* of counsel.

*Henry Elliston,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This litigation had its origin in a proceeding commenced by the county attorney of Atchison county, under the direction of the board of county commissioners, to sell certain real estate which had previously been bought by the county for the non-payment of taxes, and had remained unredeemed for

three and one-fourth years. The proceedings were had under chapter 392, Laws of 1901 (Gen. Stat. 1901, §§ 7718–7724). When the action was commenced, the lots in question stood on the records in the name of the Northern Kansas Investment Company, and it was made a party defendant. After the decree had been entered foreclosing the lien and the sale had been consummated, and while the proceedings stood on a motion to confirm the sale, Oscar Lips, who had not been made a party defendant, filed a motion asking that the sale be set aside on the sole ground that he was the owner of the lots and had not been made a party to the action. The court sustained this motion from which order the county prosecutes error.

It appeared on the hearing of the motion that, by a sale under execution against the Northern Kansas Investment Company, Oscar Lips became the purchaser of the lots, and on February 1, 1898, received a sheriff's deed therefor, which was not recorded until September 18, 1902. Lips took his deed subject to such tax liens as were then upon the property, and is entitled to no equitable relief against those and subsequently accruing liens. The county foreclosed its liens for the unpaid taxes of 1893 to 1901, inclusive. The steps taken by the commissioners and the county attorney in instituting the proceedings were regular and fully authorized by statute.

The important question is, What was the legal effect of the decree and sale made thereunder on the right of Lips, in the absence of jurisdiction of him? Unpaid taxes on real estate are standing liens, and are matters of public record, of which all persons dealing with the real estate have notice; they also have knowledge that sooner or later, unless redeemed, the legal title will be divested and merged into the title of the holder of the tax liens by tax deeds, or into the

title of some other person by proceedings like the present case. If, therefore, the holder of the legal title of lands upon which the taxes are delinquent wishes to insure notice of such proceedings, he must do those things which the law requires of him—that is, make public profert of his title by placing the evidence of it on record. Section 1 of the act under which this proceeding was had requires the county to make only the owners, or supposed owners, defendants. Full protection was provided for Lips against a foreclosure proceeding in his absence, had he availed himself of the provisions of the law. The penalty for not so doing is provided in section 1223, General Statutes of 1901 : ''No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record.''

Lips chose to take his chances, and withheld his deed from record until after the foreclosure proceeding by the county had gone to final decree and a sale of the land. The county, therefore, in foreclosing its tax lien, rightfully proceeded upon the assumption that no persons, except those whose titles were upon record, had any interest in the real estate. As between the county and Lips, his deed took effect only from the time he placed it on record ; it had no greater force than if he had purchased on the day it was recorded. Therefore, he was a purchaser pending the action, with notice of all the rights which the county claimed in its foreclosure proceeding. This case falls exactly within the principles annouced in the case of *Smith v. Worster*, 59 Kan. 640, 54 Pac. 676, 68 Am. St. Rep. 385.

The judgment of the court below is reversed, and the cause remanded with directions to set aside the order and deny the motion.

All the Justices concurring.