J. L. HILLYARD, *Appellant*, V. ARNOLD FICK, *Appellee.*

No. 18,024.

SYLLABUS BY THE COURT.

1. EJECTMENT—*Judgment for Possession—Writ of Possession—Unrecorded Deed.* Where a conveyance by the defendant is made before an action in ejectment is commenced but is withheld from the record until some time afterward and the plaintiff has no notice of the conveyance or of the claims of the grantee, and there is no change in possession or other indication of any claim or interest by any person except the defendant, and the suit proceeds to a judgment against him, a writ of possession should issue upon the application of the plaintiff under which the defendant and all persons holding under or in privity with him after the commencement of the action, including such grantee, should be dispossessed.

2. JURISDICTION—*Party Bound by Judgment—Not a Party.* This court is not without jurisdiction to review an order denying an application for a writ of possession against a person bound by the judgment but not a party to the action, notice of appeal having been served upon the defendant in the action but not upon the person against whom the writ was asked.

Appeal from Scott district court. Opinion filed March 8, 1913. Reversed.

*H. O. Trinkle,* of Garden City, for the appellant.

*E. P. Rochester,* of Scott, for the appellee; *W. H. Russell,* of La Crosse, of counsel.

The opinion of the court was delivered by

BENSON, J.: This appeal is from an order denying an application of the plaintiff for a writ of possession upon a judgment in an action of ejectment. The motion

was for the writ against the defendant and also against his wife who was not a party to the suit. A notice of the motion was served upon the wife but she did not appear. The following facts were agreed to upon the hearing:

"This action was begun on Feb. 5th, 1908, for the recovery of the possession of the southwest quarter of section 4, township 16, range 31, in Scott county, Kansas. The defendant's wife, Louisa J. Fick was not made a defendant. Plaintiff was the owner of the original patent title and the defendant appeared of record to be the owner of a tax title on said land. At the time the action was begun the tax deed mentioned was on record in the name of the defendant, Arnold Fick; he was at that time living upon the northwest quarter of section 4, township 16, range 31, which adjoined the land in controversy, with his wife and family, and the land in controversy was being used when the action was begun by the defendant and his family in connection with the land on which they lived. The land on which the family lived was also in the name of Arnold Fick when this suit was begun.

"The defendant had on Dec. 28th, 1906, executed a quitclaim deed to the land in controversy to his wife, Louisa J. Fick, but this deed was not filed for record until May 23rd, 1908. After the said deed was executed to the wife, defendant and his wife and family continued to use the said land in the same manner as before the deed was executed, and nothing transpired in connection with their use and occupation of the said land to suggest any change in its ownership or occupation.

"Prior to and up to the time of the commencement of this action a small portion of this land was farmed, the work being done by the defendant and the members of his family; the remainder of the land was used as pasture land over which the cattle of the defendant grazed. The defendant paid the taxes on the said land under his tax deed until Feb. 7th, 1908, the date of the last payment of taxes in his name. Louisa J. Fick paid no taxes on said land until March 10th, 1910.

"The plaintiff herein conveyed all of his interest and estate in said land and the same has been transferred by a regular chain of conveyances down to Bertha M.

Sturgell, who is now the record owner thereof, and it is asked to have her placed in possession of the said land by the writ applied for.

"On March 16th, 1908, the defendant Arnold Fick filed his answer to the plaintiff's petition in which he disclaimed any title or possession to said land. Louisa J. Fick had actual notice of the pendency of this action in time to appear and defend, and she did appear for the special purpose of getting leave of the court to withdraw an unauthorized appearance and pleading. Judgment was rendered for the plaintiff upon the pleadings on Oct. 6th, 1908, for the possession of the land described in his petition."

The writ was refused for the reason stated in the judgment "that the court has no jurisdiction over the person of Louisa J. Fick, the wife of the defendant, she not having been made a defendant in the original action."

Mrs. Fick, having withheld the conveyance from record until after the action was commenced by the plaintiff who was ignorant of its existence, is deemed a purchaser pending the suit, and is bound by the judgment rendered in the action. (*Caldwell v. Bigger,* 76 Kan. 49, 90 Pac. 1095; *Smith v. Worster,* 59 Kan. 640, 54 Pac. 676.)

The possession of the land appeared to be, and was that of the husband. There was no sign of the wife's title. She left the world in ignorance of her claim. She failed to give notice by the record, by possession, or otherwise. This was the situation when the suit was begun, and until her deed was recorded and she remained silent and inactive while the suit proceeded to judgment. The judgment is conclusive not only against the defendant but against the wife who is deemed a purchaser *pendente lite.* Process against him to carry the judgment into effect is as potent against her as it is against him. (3 Freeman on Executions, 3d. ed., §§ 471-475.)

It was said in *Harrod v. Burke,* 76 Kan. 909, 92 Pac. 1128, 123 Am. St. Rep. 179:

"It was proper, however, for the sheriff under the writ to place the plaintiffs therein in possession, and in performing this duty to dispossess the defendants named in the writ and all persons holding under or in privity with them after the commencement of the action." (p. 912.)

Such a writ may be issued against a person bound by the judgment although not a party to the action. (*Crane v. Cameron,* 71 Kan. 880, 81 Pac. 480.)

It is contended by the defendant that this court has no jurisdiction of this matter because notice of the appeal was not served upon Mrs. Fick. Notice was however served upon the defendant against whom the judgment was rendered, which, as we have seen, is conclusive of her rights. Being bound by the proceedings in the district court, she is in like manner and for the same reason bound by proceedings in the same action in this court. She must not only yield to the judgment but to its execution, and is bound by all proper proceedings taken in the action to reach that end. Being deemed a purchaser *pendente lite* a summons to her was not necessary before judgment, nor is a notice of appeal necessary upon proceedings to carry the judgment into effect.

The order appealed from is reversed with directions to allow the writ as prayed for.