(619 P.2d 525)

No. 51,151

BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, *Appellee,* v. BEN CUNNINGHAM, *Appellant.*

Petition for review denied January 23, 1981.

Opinion filed November 14, 1980.

*Paul E. Serrano, Jr.,* of Wyandotte-Leavenworth County Legal Aid Society, Inc., for appellant.

*Patrick J. Reardon,* county attorney, for appellee.

Before PARKS, P.J., ABBOTT and REES, JJ.

ABBOTT, J.: This is an appeal by Ben Cunningham from an order denying his motion to set aside a judgment, sale and sheriff's deed in a tax foreclosure suit for failure to give him notice. Cunningham occupied and held an unrecorded deed to the real estate that was sold in the tax foreclosure suit.

The record titleholder of the property is Alonzo Collins. Ben Cunningham contracted to purchase the property from Collins in August 1975, taking possession and continually occupying the premises since September 1975. The contract apparently was completed and the deed delivered to Cunningham in 1976. The deed was never recorded. The real estate taxes for the 1973 tax year were paid in 1975 by Collins and no taxes have been paid since that time. Cunningham admits he has not paid the taxes that have accrued since he took possession. Cunningham testified, and there is no evidence in the record to the contrary, that he first learned of the tax foreclosure sale when the persons who purchased the property at the tax sale notified him they had purchased it.

Leavenworth County named Alonzo Collins as a defendant in the tax foreclosure sale. The sale was conducted pursuant to K.S.A. 79-2801 *et seq.* Leavenworth County attempted to personally serve notice of the proceedings on Collins through the efforts of an officer of the Leavenworth County sheriff's office, but was

unsuccessful. The deputy sheriff testified that he met an unidentified man at the residence on the property in question and informed the man of the purpose and nature of the summons he was attempting to serve on Collins. The man advised the deputy that Alonzo Collins had not resided at the residence for five years and he believed Collins was somewhere in Kansas City. The deputy was further advised that the unidentified person had purchased the property in question and that it would be redeemed. Both Cunningham and his wife denied any knowledge of the deputy's attempt to make service. The deputy was unable to identify Cunningham as the person he talked to and, in fact, testified that although he was not sure, his recollection was that the person he talked to was white. Cunningham is black. The deputy made notes of the conversation and kept the notes. When the return was made, however, the only notation on the return was that personal service could not be completed because Collins could not be located within the county. Service on Collins was then made by publication. No address was available for Collins and the record before us does not reflect that a copy of the publication notice was mailed to Collins.

The thrust of Cunningham's argument on appeal is that his failure to receive service of the tax foreclosure and sale amounted to a denial of his due process right to notice and should result in the setting aside of the foreclosure and sale pursuant to the authority of *Chapin v. Aylward,* 204 Kan. 448, 464 P.2d 177 (1970), and *Pierce v. Board of County Commissioners,* 200 Kan. 74, 434 P.2d 858 (1967). He relies principally on the language of K.S.A. 79-2801, which states in pertinent part:

"In all cases in which real estate has been or shall be sold and bid in by the county at any delinquent tax sale and shall remain unredeemed on the first day of September of the third year after such sale, or any extension thereof as provided in K.S.A. 79-2401a or any amendments thereto, the board of county commissioners shall order the county attorney or county counselor and it shall be the duty of the county attorney or county counselor to institute an action in the district court, in the name of the board of county commissioners, against the owners or supposed owners of such real estate *and all persons having or claiming to have any interest therein or thereto,* by filing a petition with the clerk of such court . . . .

"Thereupon, summons shall issue and shall be personally served or publication made as provided in other cases under the code of civil procedure, but in the event service is made by publication, the notice, in addition to the requirements prescribed by the code of civil procedure, shall contain a description of the real estate." (Emphasis added.)

The well-settled law relating to a person's due process right to notice of a legal proceeding was recently summarized by this Court in *Board of County Commissioners v. Knight,* 2 Kan. App. 2d 74, 77, 574 P.2d 575 (1978):

"In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), and *Walker v. Hutchinson City,* 352 U.S. 112, 1 L.Ed.2d 178, 77 S.Ct. 200 (1956), the United States Supreme Court determined that due process requires notice and opportunity for hearing appropriate to the nature of the case and that process which is a mere gesture does not satisfy the requirements of due process. The Supreme Court stated the rule thus:

" 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' (*Mullane,* supra, p. 314.)"

In *Chapin, Pierce, Knight, Mullane* and *Walker,* the courts found a violation of the due process right to notice when service of process was made by publication even though the addresses of the persons sought to be served were known or easily ascertainable. In all of those cases, the courts relied on the fact that the addresses of the persons sought to be served were a matter of record and could be obtained with relative ease. That fact distinguishes the case at hand from all of those cases since here Cunningham's interest in the real estate that was subject to foreclosure and sale did not appear of record because he had failed to record either the contract with Alonzo Collins or the warranty deed he received in March of 1976.

As we view this case, the sole issue before us is whether Cunningham had the right to some type of notice from the county under these circumstances, not whether the county always has a duty to inquire of the occupier of the land involved in a tax foreclosure action whether that person claims an interest in or ownership to the land in order to satisfy due process requirements. Here the county did inquire and had actual notice that the person occupying the land claimed to be the owner. This is a far different question than whether an absolute duty to inquire exists.

The county argues that Cunningham may be the true owner of the real estate, but he was not the owner of record at the time the foreclosure and sale were instituted so he was not entitled to notice of proceedings concerning the property. This argument is not without some support. In *Atchison County v. Lips,* 69 Kan. 252, 254, 76 Pac. 851 (1904), the Kansas Supreme Court stated:

"If, therefore, the holder of the legal title of lands upon which the taxes are delinquent wishes to insure notice of such proceedings, he must do those things which the law requires of him—that is, make public profert of his title by placing the evidence of it on record. Section 1 of the act under which this proceeding was had requires the county to make only the owners, or supposed owners, defendants. Full protection was provided for Lips against a foreclosure proceeding in his absence, had he availed himself of the provisions of the law. The penalty for not so doing is provided in section 1223, General Statutes of 1901: 'No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record.'

"Lips chose to take his chances, and withheld his deed from record until after the foreclosure proceeding by the county had gone to final decree and a sale of the land. The county, therefore, in foreclosing its tax lien, rightfully proceeded upon the assumption that no persons, except those whose titles were upon record, had any interest in the real estate. As between the county and Lips, his deed took effect only from the time he placed it on record; it had no greater force than if he had purchased on the day it was recorded."

Likewise, *Board of County Comm'rs. v. Groomer,* 166 Kan. 593, 203 P.2d 237 (1949), is instructive. There, the county brought an action to foreclose tax liens on real estate; the land was eventually sold and a sheriff's deed was issued to Groomer. A week after the sale, the Lenskis were allowed to intervene in the action and set out the fact that they were occupying the real estate and owned it at the time of the foreclosure because they had previously purchased the land from the record title owner (who had been a named defendant in the foreclosure proceeding), but that they had neglected to record the deed. The trial court allowed the Lenskis to redeem the property, basing its decision on the fact that they had received no service of process in the foreclosure suit. The Supreme Court disagreed, stating:

"At the hearing on Groomer's motion to set aside the court's order to permit the Lenskis to redeem, the trial court placed its holding on the fact that there had been no service on the Lenskis in the original suit to foreclose. The fact is, however, the action was against the record titleholders. The Lenskis' deed was not recorded. When the lawyers were preparing the foreclosure action they did the only thing they could do. They searched the record and made the record titleholders defendants. The deed held by the Lenskis was good against their grantor. Against other persons without notice whose rights intervened, it was of no effect (See G.S. 1935, 67-223)." 166 Kan. at 597-98.

The statutes relied on by the court in both of these cases remain substantially intact today.

Based on *Groomer* and *Lips*, it appears at first glance that the trial court should be affirmed on an estoppel theory. Without

deciding whether present-day due process requirements necessitate a different result in the foregoing cases, we deem this case to be readily distinguishable based on the fact that here the deputy sheriff, while acting within the scope of his authority, was put on notice of the existence of a person who claimed an interest in the real estate. It is well settled that knowledge obtained by an agent within the scope of his authority is in law the knowledge of the principal. *Hinton v. S. S. Kresge Co.,* 3 Kan. App. 2d 29, 592 P.2d 471 (1978), *rev. denied* 225 Kan. 844 (1979). Furthermore, different agencies of the county may not deny knowledge possessed by a sister agency. In *Pierce v. Board of County Commissioners,* 200 Kan. at 85, the Supreme Court held:

"If it be argued that Pierce's address was not on file with the sheriff, or the county attorney, we reply that they and the treasurer are but arms of the same governmental body—Leavenworth County. Either the sheriff or the county attorney could have ascertained the whereabouts of Dr. Pierce by the very simple expedient of making inquiry of the treasurer, or of examining the records of that officer. The county may not now use the excuse that its right hand knew not what its left hand did, to the damage of two of its residents."

According to *Pierce,* the county attorney may be charged with the knowledge gained by the sheriff's office.

The record contains other evidence that, if believed by the trier of facts, tends to establish the county should have been aware of Cunningham's ownership interest. The trial judge did not comment on that evidence (Cunningham's testimony was that he told the county treasurer he was buying the property on contract), and we have not considered it, although it appears to be uncontroverted and is not entirely inconsistent with the answers to requested admissions.

K.S.A. 79-2801 requires the county to serve all persons claiming an interest in property. It is not limited to owners of record. Here, the county had notice of Cunningham's claimed interest, and its subsequent failure to attempt service on him by any method whatsoever violated his right to due process of law. As a result, the foreclosure, the sale and the sheriff's deed must be set aside.

One further point bears mention. At trial, Cunningham complained that the county violated Alonzo Collins' due process right of notice and that had it given Collins legally sufficient process, Cunningham would have been informed of the foreclosure proceedings. Although it does appear from the record that service on Collins might have been defective based on the county's failure

to make a reasonable effort to find a correct address to which the notice could have been mailed (see *Board of County Commissioners v. Knight,* 2 Kan. App. 2d at 78), Cunningham has not raised the issue in his brief on appeal and we consider the contention abandoned. *Mansfield Painting & Decorating, Inc. v. Budlaw Services, Inc.,* 3 Kan. App. 2d 77, 81, 589 P.2d 643, *rev. denied* 225 Kan. 844 (1979).

Reversed and remanded with directions to set aside the tax foreclosure judgment, sale and sheriff's deed.