No. 53,310

BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Plaintiff/Cross-Appellant*, v. ELIZABETH I. ROBERTS, *et al., Defendants.*
JOHN ANDERSON, JR. & DAVID CARSON, *Appellees*, v. MONTY CAMPBELL, *Appellant.*

(643 P.2d 138)

Opinion filed April 3, 1982.

*Fred Paoli, Jr.*, of Kansas City, argued the cause and was on the brief for the appellant.

*James W. Bouska*, assistant county counselor, argued the cause and was on the brief for the plaintiff, cross-appellant.

*John Anderson, Jr.*, of Anderson, Granger, Nagels, Lastelic & Gordon, Chartered, of Overland Park, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal from an order nonconfirming and setting aside a tax foreclosure sale. The appellant is Monty Campbell, the purchaser at the foreclosure sale. The cross-appellant is the Board of County Commissioners of Johnson County. The appellees are John Anderson, Jr., and David Carson, who claim to own an interest in the real estate which was the subject matter of the tax foreclosure sale.

For purposes of this appeal, the facts are not in dispute and were determined by the trial court to be as follows:

"1. The subject matter of the tax foreclosure action in Tract No. 90 is a dry-land lake bed so situated as to be surrounded on three sides by platted lots. All said surrounding platted lots are owned by John Anderson, Jr. and David Carson and they have paid the taxes on said lots and special assessments for many years.

"2. Plaintiff filed a tax foreclosure proceeding for unpaid taxes on the lake bed in Case No. 83754, and John Anderson, Jr., although not a party to the action, filed a pleading in said action setting forth a claim of ownership by John Anderson, Jr. and David Carson to said lake bed land.

"3. The tax foreclosure suit was dismissed as to the tract of lake bed land in Case No. 83754 and thereafter the Board of County Commissioners instituted this action for foreclosure of the same tract of land.

"4. Neither John Anderson, Jr. or David Carson were made parties to the foreclosure proceeding.

"5. The plaintiff, Board of County Commissioners, through the County Counselor had notice by the record in the previous foreclosure proceedings and by actual notice that John Anderson, Jr. and David Carson claimed ownership of said tract of land in Case No. 83754, although no such claim of ownership was made in the subsequent instant action, prior to the Sheriff's sale.

"6. John Anderson, Jr. had actual notice by telephone and in writing of the pendency of a tax foreclosure action with respect to the real estate described in cause of action No. 90, as well as the time and place of the Sheriff's sale. John Anderson, Jr. attempted to redeem the land and pay the full taxes due prior to the sale by tendering payment to the County Treasurer and the Clerk of the District Court but could not do so on the advice of the County Counselor that he could not redeem because he was not a party to the action and did not have an interest in the real estate.

"7. John Anderson, Jr. appeared at the sale and bid on Tract No. 90.

"8. The bidding was recessed briefly and a record was made of the colloquy at the recess among John Anderson, Jr.; James W. Bouska, Assistant County Counselor; Bing Carter, the auctioneer; Jim Kearney, a bidder; and Billy Ray Pine, a prospective bidder.

"9. At the recess, Mr. Anderson inquired whether he would receive the surplus of the proceeds of the sale of tract No. 90 if the successful bid exceeded the amount of taxes, penalties and interest. Mr. Anderson stated that he had prepared a quiet title action suit to the real estate because he and David Carson claimed ownership of it and asked that the sale be set aside. He further said that if all bids were withdrawn, he would quiet the title and pay taxes on the real estate.

"10. Mr. Bouska stated that when the sale was completed, Mr. Anderson would probably file a petition challenging the validity of the sale and that, in the alternative, Mr. Anderson might make a claim for any excess by which the bid exceeded the amount of taxes, interest and penalties. Mr. Anderson said that the statement was correct.

"11. Mr. Bouska directed the auctioneer to proceed with the sale. A record was made of the conversation between Mr. Bouska and Monty Campbell, the highest bidder, after the sale of Tract No. 90 had been completed.

"12. John Anderson, Jr. attempted to bar or stop the sale as to the tract of land

No. 90 but was not allowed to do so, and the purported purchaser at the sale was advised that action would be instituted to non-confirm the sale as to such tract.

"13. The Clerk of the District Court and the Sheriff received the payment for such tract from Monty Campbell and have held the same subject to this Court's order pending action on this motion."

The district court, on the basis of these undisputed findings of fact, nonconfirmed and set aside the foreclosure sale, holding that the sale was defective and irregular by reason of the failure of the county to join John Anderson, Jr. and David Carson as parties defendant, and by failing to have those parties served with process. The district court also ordered the clerk of the court or the sheriff to refund to Monty Campbell, the purchaser at the sale, the amount of the purchase price he paid with interest. The court further ordered the sheriff to issue a tax deed to John Anderson, Jr. and David Carson upon the payment of all taxes due.

In reaching that result the trial court made the following conclusions of law:

"1. The entire matter of taxation, including levy, collection and foreclosure of land for taxes is statutory and does not exist apart from statute.

"2. The methods prescribed for recovery of delinquent taxes are purely statutory and the requirements of the statute are not merely directory, they must be strictly complied with.

"3. K.S.A. 79-2801 requires the County Counselor to join as a party defendant in a tax foreclosure proceeding 'all persons having or claiming to have any interest' in land foreclosed upon.

"4. John Anderson, Jr. and David Carson as claimants of record based on their answer filed in Case No. 83754 and as owners and in possession of the lots surrounding said lake bed were in constructive possession of said property and as owners of record and persons personally known to the County Counselor were entitled to service of process and could have been served.

"5. The law requires that any person required as a party defendant have service of process and notice of the proceeding prior to an order of sale of the land for taxes.

"6. John Anderson, Jr. and David Carson were claimants of record and actual notice of their claim was known to the County Counselor prior to the order of sale herein made.

"7. The sale was defective and irregular by reason of failure to make John Anderson, Jr. and David Carson parties defendant and to have said parties served with process. Under the principles and authorities as set out in *Walker v. Hutchinson*, 352 U.S. 112 and *Board of Leavenworth County Comm'rs v. Cunningham*, 5 Kan. App. [2d] 508, the sale should be non-confirmed and set aside as to Tract No. 90.

"8. The sale as to Tract 90 is set aside and non-confirmed and the Clerk of the District Court or the Sheriff of Johnson County are ordered to refund to Monty Campbell the payment of purchase price, together with interest thereon at the rate

of eighteen percent (18%) per annum or one and one-half percent (1 ½%) per month if computed monthly as prescribed by 79-2804c and 79-2968(6).

"IT IS FURTHER ORDERED that the Sheriff issue a tax deed to John Anderson, Jr. and David Carson as to Tract 90 upon payment of the taxes due therein."

The purchaser at the sale, Monty Campbell, appealed, contending that the tax foreclosure sale should not have been set aside and further that Anderson and Carson should not have been allowed the right to redeem the property. The two basic issues presented for determination on the appeal are these:

(1) Whether the trial court erred in ruling that Anderson and Carson were entitled to be named parties defendant and served with process in the foreclosure proceeding under K.S.A. 79-2801 and in setting aside the foreclosure sale because they were not so named as parties or served with process?

(2) Whether the trial court erred in holding that Anderson and Carson were entitled under K.S.A. 79-2803 to redeem the property by paying the taxes before sale and, upon payment of the same, to receive a tax deed from the sheriff for the property?

We will first consider whether the district court erred in setting aside the tax foreclosure sale because of the county's failure to name Anderson and Carson as parties defendant and to serve them with process. In so holding, the trial court relied upon the provisions of K.S.A. 79-2801 which provides in part as follows:

"79-2801. **Action to enforce lien for unredeemed real estate bid in by county; summons; service by publication.** In all cases in which real estate has been or shall be sold and bid in by the county at any delinquent tax sale and shall remain unredeemed on the first day of September of the third year after such sale, or any extension thereof as provided in K.S.A. 79-2401a or any amendments thereto, the board of county commissioners shall order the county attorney or county counselor and it shall be the duty of the county attorney or county counselor to institute an action in the district court, in the name of the board of county commissioners, *against the owners or supposed owners of such real estate and all persons having or claiming to have any interest therein or thereto,* by filing a petition with the clerk of such court:  .  .  .  *Said petition shall contain* a description of each tract, lot or piece of real estate, subject to the provisions of this act, including, if in a city of the first or second class, the street number or location, and stating, as far as practicable, the amount of taxes, charges, interest and penalties, chargeable to each tract, lot or piece of real estate, and *the name of the owner, supposed owner, and party having or claiming to have any interest therein or thereto,* and giving the year such property was sold for delinquent taxes under the provisions of K.S.A. 79-2302 or any amendments thereto, together with a prayer that the court determine the amount of taxes, charges, interest and penalties chargeable to each particular tract, lot or piece of real estate, and the name of the owner or party having any interest therein, and that the court adjudge and decree the amount so

found due to be a first and prior lien upon such property, and that the same be sold at public sale for the satisfaction of such lien, costs, charges and expenses of the proceedings and sale, and other necessary relief. . . .

"Thereupon, summons shall issue and shall be personally served or publication made as provided in other cases under the code of civil procedure, but in the event service is made by publication, the notice, in addition to the requirements prescribed by the code of civil procedure, shall contain a description of the real estate. Any member of the board of county commissioners or any county attorney or county counselor who shall fail to perform the duties required of him or her by this section shall forfeit his or her office." (Emphasis supplied.)

It should be noted that K.S.A. 79-2801 states without equivocation that where there is a tax lien on unredeemed real estate bid in by the county, the county attorney or county counselor is required to institute an action in the district court, in the name of the board of county commissioners, "against the owners or *supposed owners of such real estate and all persons having or claiming to have any interest therein or thereto.*"

We have concluded that the trial court was correct in holding that Anderson and Carson were persons having or claiming to have an interest in the real estate involved here within the meaning of K.S.A. 79-2801 and were thus necessary parties to the tax foreclosure action. It is well established that judicial foreclosures of real estate for nonpayment of taxes are creatures of statute and must be complied with to give a court jurisdiction to proceed. The entire matter of taxation, including the levy and collection of taxes, is statutory and does not exist apart from statute. See *Pierce v. Board of County Commissioners,* 200 Kan. 74, 434 P.2d 858 (1967); *Crawford County Comm'rs v. Radley, et al.,* 134 Kan. 704, 8 P.2d 386 (1932); *Ness County v. Light & Ice Co.,* 110 Kan. 501, 204 Pac. 536 (1922). The trial court correctly held that the controlling statute in this case is K.S.A. 79-2801, which is set forth in full above. Anderson and Carson were clearly persons having or claiming to have an interest in the property. Their claim to the property had been asserted in case No. 83,754, the prior foreclosure action, and Mr. Bouska, the assistant county counselor, had actual knowledge of their claim. Under the circumstances, the failure to join Anderson and Carson as parties defendant and to serve them with process was not a proper compliance with K.S.A. 79-2801; hence, the foreclosure sale was defective and the district court properly set it aside. This result is required by *Board of Leavenworth County Comm'rs v. Cunningham,* 5 Kan. App. 2d 508, 619 P.2d 525 (1980), *rev. denied* 229 Kan. 669 (1981); *Chapin*

*v. Aylward,* 204 Kan. 448, 464 P.2d 177 (1970); and *Pierce v. Board of County Commissioners,* 200 Kan. 74.

The appellant, Monty Campbell, the purchaser at the foreclosure sale, maintains that the rule should not be applied in this case on the theory of waiver and estoppel. In presenting this contention, appellant Campbell points out that Anderson and Carson had actual notice of the present proceeding and the sale and should have intervened or objected prior to the foreclosure sale. They chose not to do so but, instead, appeared at the sale, raised no objection at the commencement of the proceeding, bid, and only objected when the bids exceeded their expectations. We agree with the trial court that the theory of waiver and estoppel is not applicable in this case. There was no waiver because, at all times, Anderson and Carson objected to the foreclosure sale on the basis that they had not been made parties to the litigation in violation of K.S.A. 79-2801. Furthermore, the doctrine of estoppel has no application because Campbell, the purchaser, had full knowledge of Anderson's and Carson's claim of interest before and during the sale and in no way changed his position in reliance on any representations made by Anderson and Carson. This court, on several occasions, has held that a purchaser at a tax foreclosure sale does not occupy the status of an innocent purchaser or a purchaser in good faith but is one to whom the rule of *caveat emptor* applies. See *Montgomery County v. Wilmot,* 114 Kan. 819, 823, 221 Pac. 276 (1923); and *Pierce v. Board of County Commissioners,* 200 Kan. at 78. Under the undisputed facts in this case, the appellees, Anderson and Carson, were not barred from asserting their right to have the tax foreclosure sale set aside on the basis of a claim of either waiver or estoppel.

Thus, the trial court was correct in holding that the sale was defective and irregular by reason of the failure of the plaintiff to make Anderson and Carson parties defendant and to have them served with process. The foreclosure sale was thus properly set aside and nonconfirmed. The trial court was also correct in holding that Monty Campbell was entitled to a refund of the money which he paid as purchaser at the foreclosure sale together with interest.

The second issue raised on the appeal presents a more difficult question. As noted above, the issue is whether the trial court erred in allowing Anderson and Carson to pay the taxes, interest, and

penalty in full and then ordering the delivery to them of a tax deed from the sheriff. The applicable statute, which controls the redemption of property in a tax foreclosure action by payment of the taxes after an action is filed, is K.S.A. 79-2803 which provides in part as follows:

"79-2803. **Joinder of issues; trial; judgment; redemption before day of sale; duties of clerk and sheriff; apportionment of costs, charges and expenses.** Issues may be joined in said action as in other civil actions, but after such issues are so joined said actions shall stand for trial and shall have precedence over all other actions except criminal cases and it shall be the duty of such district court, in as summary way as possible, to investigate and to decide what taxes, charges, interest, and penalty thereon, to the date of the filing of the petition, shall have been legally assessed and charged on such tract, lot, or piece of real estate, and to render judgment therefor, together with the interest, charges and penalty thereon, as provided by law, together with and including in such judgment any taxes, interest charges and penalties which became a lien on such tract, lot, or piece of real estate after the filing of the petition in the same manner as if set out in the petition, together with the cost and expenses of the proceeding and sale and to charge the same as a first and prior lien on said tract, lot or piece of real estate, subject, however, to valid covenants running with the land and to valid easements of record or in use, whether the holder thereof appears or not, and to order the sale of the said real estate for the payment of such taxes, charges, interest and penalty and the costs, and expense of such proceedings and sale; which sale shall be made and conducted as hereinafter provided: *Provided, That any person interested in any tract, lot or piece of real estate as owner or holder of the record title,* his or her heirs, devisees, executors, administrators, assigns, *or any mortgagee* or his or her assigns *may before the day of sale hereinafter provided for, make redemption in the following manner:* Such redemptioner, his or her agent or attorney shall file with the clerk of the court an application to redeem, identifying the parcel to be redeemed, and paying to said clerk, to cover its equitable share of all costs and expenses of the proceedings and sale, such amount as the court may order, or if no order be made then an amount equal to five percent of the amount set forth in the petition as the lien for taxes, charges, interest and penalties chargeable to each tract, lot or piece of real estate plus such charges if any as may be chargeable separately against said parcel.

"Upon receipt of such payment the clerk shall issue a receipt therefor which shall be forthwith exhibited to the county treasurer, who shall forthwith calculate the amount of taxes, charges, interest and penalties chargeable against said real estate as of such date, which amount shall be forthwith paid to said treasurer, who shall thereupon issue in triplicate a certificate showing such redemption, one copy of which he or she shall forthwith deliver to the clerk of the district court, the other to such redemptioner, and the third to the county attorney. Such payments shall be a full satisfaction and redemption of such tract, lot or piece of real estate from the lien and shall stay all further proceedings for the collection of such lien as against the particular tract, lot or piece of real estate so redeemed." (Emphasis supplied.)

It should be noted that the proviso in the first paragraph of K.S.A. 79-2803 provides, in substance, that any person interested in the real estate *as owner or holder of the record title,* or any *mortgagee* may make redemption of the property before the sale.

The specific issue presented is whether a person other than the owner or holder of record title or a mortgagee may redeem before the day of the sale. It is important to note that in K.S.A. 79-2803 the terms "supposed owners" or "persons having or claiming to · have any interest therein" as previously used in K.S.A. 79-2801 are not used in describing the parties who are entitled to redeem the property before the day of the foreclosure sale. It was the position of the plaintiff, board of county commissioners, that a person who is not the owner or holder of the record title or mortgagee has no right to redeem. To the contrary, the defendants, Anderson and Carson, contend that they are entitled to redemption simply because they were persons who claim to have an interest in the real estate.

In this regard, we note that K.S.A. 1981 Supp. 79-2901 also provides that a mortgagee may pay the taxes or redeem any land sold for taxes and is entitled to have a lien for the taxes. Likewise, we note K.S.A. 1981 Supp. 79-2902 which provides:

"**Lands in controversy; payment of taxes; recovery, when.** In case taxes are paid *by any party whose lands are in controversy in any of the courts of this state,* and the party so paying shall fail to recover said land, such party shall be entitled to collect from the parties recovering the taxes so paid, with interest thereon at the rate prescribed by K.S.A. 1980 Supp. 79-2968(*b*); and the taxes so paid shall be a lien on any such land." (Emphasis supplied.)

K.S.A. 1981 Supp. 79-2902 clearly recognizes that taxes may be paid by any party *whose lands are in controversy in any of the courts of this state* and the party so paying is entitled to a lien on the land.

Construing all of these statutes together, we have concluded that under K.S.A. 79-2803 only a person interested in the land *as owner or holder of the record title or a mortgagee* is entitled to redeem prior to the foreclosure sale. Under K.S.A. 1981 Supp. 79-2902, a party to the proceeding, other than the owner or holder of record or a mortgagee, may redeem after the tax foreclosure action has been filed and prior to the sale only where that party is a party in another action pending in a court of this state *in which his claim of ownership in the property has been asserted.* Thus, a mere stranger, claiming title to the property, but who has no

actual case pending to determine his interest therein, has no right to redeem in the tax foreclosure proceeding.

Applying this construction of the statutes to the case now before us, it is undisputed that Anderson and Carson claimed title to the property through their ownership of the platted lots which surround the dry-land lake bed which was the subject of the tax foreclosure action. Anderson and Carson were not, at the time the judgment for foreclosure was entered, parties in any proceeding then pending in a court of this state where their claim of ownership to the dry-land lake bed was being asserted against others. Under the circumstances, the trial court should not have authorized Anderson and Carson to redeem the property by payment of the taxes due thereon and to receive a tax deed from the sheriff upon the payment of the same. Since the foreclosure sale was properly set aside by the trial court, the board of county commissioners and Anderson and Carson are in the same position they were before the action was filed. To comply with K.S.A. 79-2801, the board of county commissioners must either file an amended petition or a new foreclosure action naming Anderson and Carson as parties defendant and serve them with process, since they are persons claiming to have an interest in the real estate which is subject to the delinquent taxes. To assert a right of redemption by payment of the taxes, Anderson and Carson would be required in any new proceeding to show that they are parties to an action pending in a court of this state where they have asserted their claim of title against others claiming to be the owners of the property.

The judgment of the district court is affirmed as to the court's order setting aside and nonconfirming the foreclosure sale held in this case. The trial court is affirmed in its order directing the clerk of the district court or the sheriff to return to Monty Campbell the purchase price paid in the foreclosure sale, together with interest.

The order of the district court permitting the appellees, John Anderson, Jr. and David Carson, to redeem the property by payment of the taxes due and requiring the issuance of a tax deed by the sheriff is set aside and reversed. The case is remanded to the district court with directions to cancel the tax deed and for further proceedings.