(804 P.2d 353)

No. 63,825

MICHAEL A. NEWMAN, *Appellee*, v. BOARD OF COUNTY COMMIS-
SIONERS OF SHAWNEE COUNTY, KANSAS, *Defendant*, and J.
PHILLIP KISSLING AND DOROTHY C. KISSLING, *Appellants*.

Opinion filed February 9, 1990.

*Robert E. Keeshan*, of Hamilton, Peterson, Tipton & Keeshan, of Topeka,
for the appellants.

*William L. Anderson*, of Topeka, for the appellee.

Before BRISCOE, P.J., BRAZIL and LARSON, JJ.

BRISCOE, J.: Defendants Phillip and Dorothy Kissling appeal a summary judgment setting aside a tax foreclosure sale in favor of plaintiff Michael A. Newman, the alleged owner of the property who had not received notice of the tax foreclosure proceeding. It is undisputed that Newman's interest in the property was not of record. We reverse after concluding that, although the county was involved in a prior suit which quieted title in third parties subject to Newman's right to redeem, any knowledge garnered from that prior suit was not sufficient to require the county either to inquire regarding Newman's present interest in the property or to provide notice to Newman in the subsequent tax foreclosure action.

The facts in this case are not in dispute. In 1976, Newman entered into an installment contract to purchase 20 acres of vacant land from the Eilerts and others (all of the owners are jointly referred to hereafter as "the Eilerts"). Newman is a licensed realtor, knowledgeable of the recording requirements involved in the typical real estate transaction.

When no payments were made on the contract for three years, the Eilerts brought an equitable foreclosure action against Newman in 1986. The Board of County Commissioners of Shawnee County was also named as a party defendant because real estate taxes on the 20-acre tract were delinquent for the years 1981, 1982, 1983, and 1984 and were due and unpaid for 1985. Pursuant to an agreed journal entry, Newman was awarded 3 acres of land and was also given the right to redeem the remaining 17 acres before midnight on June 30, 1986:

"6. That the defendant should be given the opportunity to redeem the remainder of said tract of approximately 17 acres by paying the remaining principal sum due under the contract with accrued interest, the court costs and publication fees in this action on or before midnight, June 30, 1986."

If Newman did not redeem the land, title was quieted in the name of the original sellers, the Eilerts.

"7. That in the event the defendant, Michael A. Newman, fails to redeem said property as aforesaid within said period of time, then title to the remainder of said tract of approximately 17 acres should be quieted in [the Eilerts] and the plaintiffs should be entitled to a writ of possession restoring them to possession and title of said remaining tract."

The journal entry further provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that title in and to the following tract is hereby quieted in [the Eilerts] free and clear of any and all claims of any of the defendants and subject only to the right of redemption of the defendant, Michael Newman, as hereinbefore provided."

Newman redeemed the 17 acres prior to the redemption deadline. Nothing was filed in the action to evidence that Newman had exercised his right to redeem. The escrow agent sent the deed to Newman, but he failed to record the deed.

As a party to the Eilert action, the county, through the county counselor, had knowledge of the above-quoted provisions of the journal entry which set forth Newman's right to redeem. However, the county counselor was not notified in any way of Newman's subsequent redemption of the property.

No real estate taxes had been paid on the 17-acre tract since 1985. In order to institute tax foreclosure proceedings, Shawnee County contracted with a title company to have it determine who owned the property. The title company found no evidence of record that Newman had any interest in the property. Included in the title company's search was a review of the court records in the Eilert action. As there was no indication in those records that Newman exercised his right to redeem or any deed located which established Newman had any interest in the property, the title company concluded Newman had no interest in the property and was not entitled to any notice of the tax foreclosure action. Therefore, Newman was not named as a party defendant in the tax foreclosure action and the county did not personally serve Newman with notice of the tax foreclosure sale. The county did publish notice of the tax sale as required by K.S.A. 79-2801, thereby setting forth the legal description of the property. At the tax sale held on May 16, 1988, Roy Stubblefield purchased the 17 acres for $1,100.

On June 20, 1988, the Kisslings purchased the property from Stubblefield for $2,605. The Kisslings were aware that Stubblefield had purchased the land at a tax sale a month earlier. The Kisslings received a title insurance policy which excepted any equitable and legal rights of any party to set aside tax sales.

On July 18, 1988, Newman recorded the deed he had received from the Eilerts. Newman then filed the present suit to non-confirm and set aside the foreclosure sale and to quiet title in Newman. The trial court granted Newman the relief he requested, finding the county's participation in the prior suit where Newman was given a right to redeem was enough to require the county to inquire as to Newman's present interest in the property when the county instituted tax foreclosure proceedings.

*Was Newman entitled to personal service of notice of the tax foreclosure sale?*

The Kisslings contend Newman was not entitled to personal service of notice of the tax sale because he failed to record any interest he had in the land. K.S.A. 79-2801 states in part:

"Whenever real estate has been or shall be sold and bid in by the county at any delinquent tax sale . . . the board of county commissioners shall order the county attorney or county counselor . . . to institute an action in the district court . . . *against the owners or supposed owners of the real estate and all persons having or claiming to have any interest therein or thereto . . . .*

"A summons shall be issued and personally served or publication made as provided in other cases under the code of civil procedure." (Emphasis added.)

The Kisslings rely on two cases to support their claim that Newman was not entitled to personal service: *Atchison County v. Lips*, 69 Kan. 252, 76 Pac. 851 (1904); and *Board of County Comm'rs. v. Groomer*, 166 Kan. 593, 203 P.2d 237 (1949).

In *Lips*, the defendant, who had purchased a tract of land but had failed to record the deed, asked that the sale of the property at a tax sale be set aside because he had not received notice. In denying his motion to set aside the sale, the court concluded that defendant was not entitled to personal service because he had failed to record his interest in the land. The court held the county may rely on the record and assume that no person has actual title to the land except those whose interest is of record. In *Groomer*, the Lenskis asked to be added as defendants in a motion to confirm a tax foreclosure sale. They claimed they had purchased the land but had forgotten to record their deed. The trial court granted the Lenskis relief by not confirming the sale and allowing them to redeem the property. The Supreme Court

disagreed with the trial court's findings, stating the tax foreclosure was filed against the record title owners. Since the Lenskis failed to record their deed, it was proper for the attorneys preparing the foreclosure action to rely on the record and name as defendants only those individuals who were title holders of record. In both *Lips* and *Groomer*, the court restated the general rule that an unrecorded deed is only valid between the parties executing the deed and those who have notice of the deed.

Newman does not dispute the holdings of these cases but contends his case is distinguishable. Newman argues the county's knowledge of his right to redeem is an additional fact not present in the cases cited by the Kisslings and it is this fact which required the county to provide him with notice in this case.

In support of his contention, Newman cites *Board of Leavenworth County Comm'rs v. Cunningham*, 5 Kan. App. 2d 508, 619 P.2d 525 (1980), *rev. denied* 229 Kan. 669 (1981). Cunningham purchased and took possession of a tract of land from Collins, continually occupying it from the date of purchase. Cunningham failed to record his deed. Taxes were not paid and a tax foreclosure action was filed. The county searched the record and found Collins to be the record title holder. In order to personally serve Collins, a deputy sheriff went to the residence on the property in question. There the deputy was advised by an unidentified man that he had purchased the property and that Collins had moved.

In delineating the issue presented, the court stated:

"As we view this case, the sole issue before us is whether Cunningham had the right to some type of notice from the county under these circumstances, not whether the county always has a duty to inquire of the occupier of the land involved in a tax foreclosure action whether that person claims an interest in or ownership to the land in order to satisfy due process requirements. *Here the county did inquire and had actual notice that the person occupying the land claimed to be the owner.* This is a far different question than whether an absolute duty to inquire exists." 5 Kan. App. 2d at 510. (Emphasis added.)

The court found the county, through its agent, was put on notice of the existence of a person claiming an interest in the real estate. The court then stated that 79-2801 requires the county to serve all persons claiming an interest in the property and this require-

ment is not limited to owners of record, but also extends to require notification of those persons who the county knows are occupying the land and claiming ownership. The tax sale was set aside on the basis that the county had failed to personally serve a person who the county knew was in possession of the property and who claimed ownership. The court distinguished *Lips* and *Groomer* on the basis that the county in *Cunningham* was put on notice of the existence of a person in possession of the property who claimed an interest in it.

Newman also relies on *Board of Johnson County Comm'rs v. Roberts*, 231 Kan. 135, 643 P.2d 138 (1982). In *Roberts*, in an earlier tax foreclosure action, Carson and Anderson, who were not named as parties to the action, had filed a pleading claiming ownership of one of the tracts subject to foreclosure. The foreclosure action was dismissed as to that tract and thereafter the county filed a second tax foreclosure action including the same tract. Neither Carson nor Anderson was served with notice of the second foreclosure action. The Supreme Court stated that Carson and Anderson were clearly persons having or claiming to have an interest in the land within the meaning of 79-2801. Their claim was asserted in the prior foreclosure action and, thus, the assistant county counselor had knowledge of the claim. The court held that, under the circumstances, failure to join Anderson and Carson as party defendants and to serve them with process did not comply with the requirements of 79-2801. The court ruled the foreclosure sale was defective and the district court was correct in setting it aside.

In applying the agency rationale followed in *Cunningham* and *Roberts*, we agree that the county, through the county counselor, had notice of Newman's right to redeem. However, the journal entry conveying that notice also stated that, unless Newman exercised that right to redeem, title to the property was quieted in the Eilerts. Expiration of the redemption period without Newman giving any notice to the county of his redemption, through any document filed or recorded, extinguished any notice the county had that Newman still claimed the property. The county was not required to serve Newman in the subsequent action because the county did not have notice that he claimed an interest in the real estate.

Although Newman admits he did nothing to establish his redemption of record, he argues the county still had a duty to inquire regarding the title to the property because the Eilerts had not requested a writ of possession. Pursuant to the journal entry, after Newman's redemption period expired, title was quieted in the Eilerts. While the Eilerts would have been entitled to request a writ of possession to eject Newman or others from physical possession of the property, filing of the writ was not necessary to establish title to the property. See K.S.A. 60-1001; *Hillyard v. Fick*, 89 Kan. 108, 130 Pac. 675 (1913). Therefore, the absence of a writ of possession in the court records would not have placed the county on notice that further inquiry was necessary to ascertain who the title holders were.

*Is Stubblefield an indispensable party to this action?*

The Kisslings also argue this case should have been dismissed for failure to join an indispensable party. Stubblefield purchased the land at the tax sale and then sold it to the Kisslings. The Kisslings claim he is an indispensable party to this action.

Stubblefield is neither an owner nor a supposed owner of the land in question and he does not claim an interest in the land. Therefore, he is not an indispensable party pursuant to K.S.A. 79-2801.

K.S.A. 60-219 states in part:

"(a) Whenever a 'contingently necessary' person, as hereafter defined, is subject to service of process, he shall be joined as a party in the action. If he has not been so joined, the court shall order that he be made a party. . . .

"A person is contingently necessary if (1) complete relief cannot be accorded in his absence among those already parties, or (2) he claims an interest relating to the property or transaction which is the subject of the action . . . .

"(b) If a contingently necessary person cannot be made a party, the court shall determine whether in equity and good conscience the action ought to proceed among the parties before it or ought to be dismissed."

The Kisslings rely on *McDonald v. National Bank*, 58 Kan. 461, 49 Pac. 59 (1897), as authority for claiming Stubblefield is an indispensable party. In *McDonald*, the purchasers at the tax sale were named parties in a motion to set aside a sale of real estate. The purchasers were never served with notice of the suit; however, they were "constructively present" when the motion

was heard. The court stated that, since the purchasers were constructively present at the hearing, the adverse ruling could not be overruled even though the purchasers were not properly served.

"The purchaser [at a tax sale], by his bid, the payments of the purchase money, and the sheriff's return of the sale, becomes a party to the record . . . . [H]is interests may be adverse to those of both the plaintiff and the defendant. He is not obliged to depend on either of them to protect his rights, nor has either of them authority to speak for him unless he gives it." 58 Kan. at 462.

The Kisslings rely on this language in claiming Stubblefield has such an interest in the outcome of this suit that complete relief cannot be granted in his absence, making him a contingently necessary party.

The present case can be distinguished from *McDonald*. There, the purchaser was a named party to the action and was seeking relief in the suit. See *Sumner County Comm'rs v. Avis*, 163 Kan. 388, 391, 183 P.2d 462 (1947). Here, Stubblefield is not a named party nor is he seeking any recourse in the action. In *McDonald*, the court was trying to protect the rights of the original purchaser at the foreclosure sale. Here, the Kisslings are not concerned with Stubblefield's rights but are only trying to protect their own interests. Stubblefield does not claim any interest in the land. Complete relief can be afforded the parties without joining Stubblefield as a party.

Reversed and remanded with directions to enter summary judgment in favor of the Kisslings.