(574 P.2d 575)

No. 49,226

BOARD OF COUNTY COMMISSIONERS, *Appellee,* v. JACK KNIGHT and MARTHA ELLEN KNIGHT, *Appellants.* CHARLES E. MAHANY and TERRY M. MAHANY, *Appellees.*

Opinion filed February 10, 1978.

*John H. Fields,* of Carson, Fields & Boal, of Kansas City, for the appellant.

*Marion C. Miller,* of Kansas City, for the appellees Charles E. Mahany and Terry M. Mahany.

*Hartzell J. Whyte,* associate county counsel, of Kansas City, for the appellee Board of County Commissioners.

Before SWINEHART, P.J., FOTH and ABBOTT, JJ.

ABBOTT, J.: This case primarily involves the sufficiency of publication service in a tax foreclosure sale.

The defendants, Martha Ellen Knight and Jack Knight, are mother and son. Martha Ellen Knight is the record owner of the real property involved in this action. Jack Knight owns no interest in the real property in question and claims no interest. He was apparently listed as a defendant in the tax foreclosure suit out of an abundance of caution. All of the parties admit that Martha Ellen Knight is the owner of record of the subject property. The appellees, Charles E. Mahany and Terry M. Mahany, purchased the real property at the tax foreclosure sale.

On August 16, 1974, the Board of County Commissioners of Wyandotte County filed a tax foreclosure suit in the district court of Wyandotte County, Kansas. The petition named Jack Knight and Martha Ellen Knight among the numerous parties defendant. Martha Ellen Knight's address was listed in the petition as 3639 North 55th Street, Kansas City, Kansas—the same address as the house and lot the county was attempting to sell for delinquent taxes.

A summons was issued to Martha Ellen Knight at 3639 North 55th Street, Kansas City, Kansas, and was returned without service on September 20, 1974. The deputy sheriff assigned to serve Martha Ellen Knight testified at a subsequent hearing that he went to the address given on the summons ten or twelve times to serve Mrs. Knight, but was never successful.

The pleadings allege the Knights had an interest in the property which forms the subject matter of this suit. Only two persons were listed in the tax foreclosure suit with the name of "Knight," namely, Martha Ellen Knight and Jack Knight. The names appear in alphabetical order throughout the pleadings. Jack Knight was listed as having two separate Missouri addresses. Separate summonses were mailed to Jack Knight at the two Missouri addresses. Certified mail receipts indicate that Jack Knight personally signed for one piece of mail on September 9, 1974, with an agent signing for the other.

On October 8, 1974, counsel for the Board of County Commissioners filed an affidavit for publication service. Mrs. Knight's name was listed as one of those defendants whose name and address were known. A notice of suit was published listing Martha Ellen Knight as a defendant with her address being 3639 North 55th, Kansas City, Kansas, the same address listed in the petition.

The county did not mail a copy of the publication notice to Mrs. Knight after publication. No evidence was offered or received that any effort was made to obtain an address for Mrs. Knight different from the address listed in the affidavit for publication, or that the records of the county clerk or county treasurer's office had been checked for an address.

Default judgment was entered foreclosing the county's lien for delinquent taxes and the property was sold to the Mahanys. The

sale was confirmed and twelve days later, on March 5, 1975, Mrs. Knight filed her motion to set aside the default judgment, the sheriff's sale and the sheriff's deed. In her motion, Mrs. Knight alleged notice was not given to her of the pending action and that she had resided at 3639 North 55th Street, Kansas City, Kansas, since August of 1970. Answers were filed by the parties and the case languished for two years.

The motion was finally set for hearing on April 27, 1977. Despite the fact the tax sale purchasers and the Board of County Commissioners had admitted in their pleadings that Mrs. Knight was the owner of record and despite the fact Jack Knight had not filed or joined in the motion to set aside the judgment, the sheriff's sale and sheriff's deed, an attorney, Robert L. Boyce, Jr., appeared at the hearing representing *both* Jack Knight and Martha Ellen Knight. Neither of the Knights personally appeared. Their attorney requested a continuance alleging Jack Knight could not be present and stated Mrs. Knight was in Tennessee and was ill, and that there was some question as to her competency to testify. The trial court denied the motion and heard the witnesses who were present and then continued the hearing until May 6, 1977, to give the Knights an opportunity to appear and present evidence. On May 6, 1977, Robert L. Boyce, Jr., announced that his services had been terminated. After questioning Boyce and learning that he had written Jack Knight and notified him of the hearing date, the court stated Boyce had no further obligation to "him" or the court. No mention was ever made in the record that notice of continuance of the hearing was conveyed to Martha Ellen Knight. The motion hearing was concluded with testimony being presented in the absence of Mrs. Knight and without her being represented by an attorney.

In view of the fact Jack Knight had no interest in the property, we will not consider any issues raised by the parties concerning him. In addition, Jack Knight did not file a motion, nor did he join Martha Ellen Knight in the motion to set aside the judgment, sale and sheriff's deed. Most of the hearing on Martha Ellen Knight's motion was consumed introducing evidence concerning Jack Knight, who was not a proper or necessary party to the action. Neither defendants' counsel on appeal nor counsel for the appellees-purchasers participated in the lower court proceedings.

The question in this case is whether service by publication on a

landowner in a tax foreclosure suit is sufficient to satisfy statutory and due process requirements where the county consistently pleads an address for the defendant and fails to mail a copy of the publication notice to the landowner at the address pled.

K.S.A. 60-307(*f*) provides: "The party seeking to secure service by publication shall, within seven (7) days after the first publication, mail a copy of the publication notice to each defendant whose address is stated in the affidavit for service by publication." A copy of the publication notice was not mailed despite the fact an address was stated in the affidavit for service by publication.

Judge Gard points out in his comments under K.S.A. 60-307(*f*) that this provision is an additional requirement in connection with publication service in that it is now *mandatory to mail* a copy of the notice to those whose address is given in the affidavit. (Gard's Kansas C.C.P. § 60-307[*f*].)

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), and *Walker v. Hutchinson City*, 352 U.S. 112, 1 L.Ed.2d 178, 77 S.Ct. 200 (1956), the United States Supreme Court determined that due process requires notice and opportunity for hearing appropriate to the nature of the case and that process which is a mere gesture does not satisfy the requirements of due process. The Supreme Court stated the rule thus:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Mullane,* supra, p. 314.)

Although *Mullane* approved publication notice to those whose addresses were unknown, the court stated that where an address is "at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." (*Id.* at 318.)

Kansas has considered due process requirements of publication service and has held where the names and addresses of adverse parties are known or easily ascertainable, notice of pending proceedings by publication service alone is not sufficient to satisfy the constitutional requirements of due process. (*Chapin v. Aylward,* 204 Kan. 448, 464 P.2d 177; *Weaver v. Frazee,* 219 Kan. 42, 547 P.2d 1005.)

Obviously, the Kansas legislature amended K.S.A. 60-307(*f*) to

ensure minimum due process requirements are met by making it mandatory that the party seeking publication service mail a copy of the publication notice to each defendant whose address is stated in the affidavit for service by publication. The county and the tax sale purchasers argue that the mailing requirement of K.S.A. 60-307(*f*) is not applicable, as that provision applies only when the adversary knows where the defendant lives or can be found. They further argue that because Martha Ellen Knight did not introduce evidence to show she could be found at 3639 North 55th Street, Kansas City, Kansas, the mailing requirement is not imposed. The county is in the unique position of attempting to prove Mrs. Knight did not live at the address the county alleged she lived at while attempting to make service on her.

Such a contention is clearly erroneous. As noted earlier, the requirement of K.S.A. 60-307(*f*) is mandatory. If an address is listed for a party in the affidavit for publication, then the statute requires the affiant to mail a copy of the notice to that address. If the party is no longer at the address listed, then *Mullane,* supra, requires the affiant to make a reasonable effort to find a correct address to which notice can be mailed.

The county and the tax sale purchasers did introduce their evidence with an understanding that Knight initially had the burden of proof and that the evidence would not be considered unless the Knights did in fact make a prima facie case.

Mrs. Knight filed a motion to set aside the judgment, sale and sheriff's deed. The court's records, standing alone, show the county had an address for Martha Ellen Knight and that neither personal nor residence service was accomplished. Publication service was attempted and a sworn affidavit was filed setting forth the names and addresses of all defendants known to the county counsel. Martha Ellen Knight's name and address were listed in the sworn affidavit, yet no affidavit of mailing was filed with the court as required by K.S.A. 60-312(*c*). The reason an affidavit of mailing was not filed is that a copy of the publication notice was not mailed to Mrs. Knight at the address listed in the affidavit or at any other address. The court's own records were sufficient to make out a prima facie case that service on Martha Ellen Knight was not completed. The burden of proof then switched to the county and the tax sale purchasers to show the requirements of due process were met.

Had the publication notice been mailed to Mrs. Knight at the address given in the affidavit and returned undeliverable by the postal service, then due process would require a reasonable effort be made by the county to give such notice as could reasonably be calculated to reach her. *On occasion,* publication service alone might be sufficient where no address is listed for the defendant in the affidavit for publication. However, that is not the situation we are faced with. Even if the county had not pled an address for Mrs. Knight, the county did not sustain its burden of proof of showing publication notice alone, under all the circumstances, was reasonably calculated to apprise Mrs. Knight of the pending foreclosure action and afford her an opportunity to be heard.

The county records listed Mrs. Knight's address as 3639 North 55th Street, Kansas City, Kansas. No evidence was introduced that prior tax statements mailed to that address were returned, nor was direct evidence offered that Mrs. Knight did not receive her mail at 3639 North 55th Street, Kansas City, Kansas. The county did not offer an explanation as to why it continued to list 3639 North 55th Street as an address for Martha Ellen Knight even after summons was returned unless it believed she lived there. Certainly the county counsel believed in good faith she still lived there, as he filed a sworn affidavit to that effect. Evidence was introduced that a neighbor had not seen anyone of Mrs. Knight's age in the vicinity of the address given. The office manager of a gas utility testified that service had been discontinued for several years. However, the purchasers conceded Jack Knight occupied the premises and a neighbor testified Jack Knight and other persons lived at the address from time to time and that the house was always furnished.

During the critical period between the time the suit was filed and publication notice given, a deputy testified a light was turned on at the back door each night and was extinguished by morning. The deputy further testified he was told that if he wanted to locate those "people" he would have to go to the back door. Jack Knight personally appeared at the county clerk's office and picked up mail addressed to him at a Missouri address. No evidence was offered as to whether inquiry was made of Jack Knight concerning his mother's whereabouts when he appeared at the county clerk's office. Such inquiry would go to the question of the county's reasonable effort to locate Mrs. Knight.

Notice to Jack Knight cannot be imputed to Martha Ellen Knight under the facts of this case and there is no evidence that Martha Ellen Knight had knowledge of the action.

Mailing a copy of the publication notice to Martha Ellen Knight at the address contained in the sworn affidavit for publication service was mandatory, and the failure to do so denied Martha Ellen Knight due process of law. The trial judge erred in not setting aside the judgment, sale and sheriff's deed.

Reversed.