(263 P.3d 835)

No. 104,458

J.A. TOBIN CONSTRUCTION CO., *Appellant*, v. SHERMAN F. WILLIAMS, III, and, UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KS., *Appellees*.

Opinion filed September 30, 2011.

*Donald M. McLean*, of Kansas City, for appellant.

*Patrick M. Waters*, assistant counsel, legal department, of Unified Government of Wyandotte County/Kansas City, for appellee.

Before LEBEN, P.J., GREEN and MARQUARDT, JJ.

LEBEN, J.: J.A. Tobin Construction Company, a Missouri corporation, asked the district court to set aside the tax sale of a vacant lot that it owned in Kansas because the company was improperly served notice of the sale. The county had tried to personally serve the corporation that Tobin Construction had merged with, Rosedale Development Company, but when that proved unsuccessful, the county resorted to serving Rosedale Development by publi-

cation. The district court found that publication service complied with due process, and it upheld the sale.

But when an owner's name and address can easily be found, due process requires getting that information and serving court papers directly rather than putting a legal notice in the newspaper that the owner isn't really all that likely to see. The undisputed evidence shows that the county knew from the Kansas Secretary of State's website that Rosedale Development was a Missouri corporation and that the company had forfeited its corporate status in Kansas. Searching for Rosedale Development on the Missouri Secretary of State's website, which takes only a few minutes, would have revealed the merger and Tobin Construction's new address. Because Tobin Construction's name and address for personal service could reasonably be found, service by publication violated due process and the sale is void.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1952, Rosedale Development Company bought an 11-acre vacant lot located at 4105 Gibbs Road in Wyandotte County, Kansas. Rosedale Development was a corporation formed under Missouri laws. In 1985, Rosedale Development merged with three other corporations; the surviving corporation received all of Rosedale Development's assets, including the property on Gibbs Road. The surviving corporation changed its name to the J.A. Tobin Construction Company.

From 1995 to 2007, Tobin Construction didn't pay the parcel's property taxes, and the Unified Government of Wyandotte County/ Kansas City, Kansas, initiated a foreclosure action against the property. In 2006, the Unified Government had also declared the property a nuisance due to the amount of trash and debris on the property; the Unified Government spent $23,000 cleaning the property, and it assessed the $23,000 against the land for the cleanup costs.

Before filing the foreclosure action, the Unified Government's abstractor, John Hooser, researched who had an interest in or encumbrance on the property. Hooser searched the Kansas Secretary of State's website and found that Rosedale Development was a Missouri corporation that had forfeited its corporate status in Kan-

sas in 1986 for failing to file its annual report. But Hooser did not search for Rosedale Development on the Missouri Secretary of State's website. If he had, he would have seen Rosedale Development's status listed as "Merged." Clicking on "Filed Documents" and then "Merged" would have brought him to the Rosedale Development and Tobin Construction's Articles of Merger and the information that Tobin Construction was the surviving corporation that owned the Gibbs property.

The Unified Government first attempted to serve Rosedale Development through its last known registered agent. The registered agent notified the Unified Government's attorney listed in the summons that it was no longer affiliated with Rosedale Development. The Unified Government then tried to serve the summons at the property's address, but it wasn't able to do so because, as the sheriff reported after trying service at a vacant lot, "The defendant was not found in the county." The Unified Government sent a third summons to Rosedale Development's last known address—a post office box—and that summons was returned as "unclaimed no such company." Finally, the Unified Government resorted to serving Rosedale by publication in a local newspaper that specializes in publishing legal notices. As often happens with service by publication, Tobin Construction never received notice of the tax sale, and the property was sold to Sherman Williams for $4,500 in February 2008.

On October 9, 2008, Tobin Construction brought an action against Williams and the Unified Government to vacate the sale because the company didn't receive proper notice of it. The district court found that the Unified Government had no reasonable way of finding Tobin Construction's address to notify it of the tax sale by mail and that the notice by publication was therefore sufficient; the district court upheld the tax sale. Tobin Construction appealed.

## DISCUSSION

*Serving the Tax-Sale Notice by Publication Violated Tobin Construction's Due-Process Rights Because Tobin Construction's Name and Address Were Readily Ascertainable.*

When a real-estate owner fails to pay property taxes for an extended time period, the government may sell the property to pay those taxes. But first it must make reasonable efforts to notify the owner: the United States Constitution guarantees that our property may not be taken by our government without due process. See *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 795-98, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983); *Board of Reno County Comm'rs v. Akins*, 271 Kan. 192, 196-97, 21 P.3d 535 (2001).

If an owner finds out about a tax sale after it has occurred, K.S.A. 79-2804b allows the owner to initiate proceedings to set aside the tax sale. A property owner's due-process rights are violated and the sale is void when the owner doesn't receive adequate notice that its property will be sold at a tax sale. See *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, Syl. ¶ 6, 136 P.3d 457 (2006). The Kansas tax-sale statute allows a tax-sale notice to be made by a personally served summons or by publication, which may not actually reach the party. See K.S.A. 79-2801(a). But if the owner's name and address are readily ascertainable, service by publication doesn't satisfy constitutional due-process requirements; in such a case, the government's failure to personally serve the owner renders the sale void. *Mennonite Board of Missions*, 462 U.S. at 800; *Akins*, 271 Kan. 192, Syl. ¶ 6.

We must first resolve the parties' dispute about what deference, if any, this court must afford the district court's conclusion that publication service on Tobin Construction was constitutional. Tobin Construction insists that the district court's factual findings are reviewed to see if substantial evidence supports them and that the ultimate legal conclusion—whether publication service was constitutional—is then reviewed without any deference to the district court. The Unified Government, on the other hand, maintains that this court reviews the district court's conclusion for abuse of discretion.

Our court has previously noted that a motion to set aside a sale as void under K.S.A. 79-2804b presents a similar inquiry as a party's motion for relief from a void judgment under K.S.A. 60-260(b)(4). *Board of Jefferson County Comm'rs v. Adcox*, 35 Kan. App. 2d 628, 635-36, 132 P.3d 1004 (2006). Although motions for relief under K.S.A. 60-260 are usually reviewed for abuse of discretion, where the judgment is attacked as void, we review the matter independently—without any required deference to the district court's conclusion—because the district court has no discretion to exercise when deciding if a judgment is void. *In re Adoption of A.A.T.*, 287 Kan. 590, Syl. ¶ 1, 196 P.3d 1180 (2008), *cert. denied* 129 S. Ct. 2013 (2009). Similarly, a district court has no discretion when determining whether a tax sale is void. See *Adcox*, 35 Kan. App. 2d at 635.

But if the district court finds that the party with the burden of proving that the sale was void for violating due process failed to meet that burden through its evidence, the district court makes a negative finding and this court's review is constrained: This court will uphold the district court's negative finding as to a disputed factual matter unless the finding was made in arbitrary disregard of undisputed evidence or based on some extrinsic consideration like bias, passion, or prejudice. 35 Kan. App. 2d at 636; see *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 781, 189 P.3d 508 (2008).

Kansas courts have placed the burden of showing that the property owner's name and address for personal service were readily ascertainable on the owner who's attacking service. *Akins*, 271 Kan. at 198-99; *Adcox*, 35 Kan. App. 2d at 636; *Board of County Commissioners v. Knight*, 2 Kan. App. 2d 74, 78-79, 574 P.2d 575 (1978) (owner attacking the tax sale has the initial burden of proof); *Board of Cherokee County Comm'rs v. Allehouse*, No. 95,359, 2006 WL 3589966, at *2 (Kan. App. 2006) (unpublished opinion).

Here, the district court found that Tobin Construction had not met its burden of showing that a reasonable way to obtain its correct address existed. But the district court appears to have disregarded the undisputed evidence that the Unified Government could have found Tobin Construction's correct name and address with a relatively common and simple search in today's Internet-

driven era. As Tobin Construction points out, the Unified Government knew that Rosedale Development was a Missouri corporation and that its status as a foreign corporation in Kansas had been forfeited. The Unified Government needed only to search for Rosedale Development on the Missouri Secretary of State's website in the same manner in which it had searched for the company on the Kansas Secretary of State's website. And the Unified Government's abstractor knew about the Missouri Secretary of State's website; he just felt that searching it wasn't necessary given the "hit" he got on the Kansas Secretary of State's website.

Mike Tyler, a title examiner working at Tobin Construction's request, performed the very same search. Tobin Construction asked Tyler to prepare what the Unified Government had asked Hooser to prepare—an ownership and encumbrance report for the Gibbs property. Although Rosedale Development was the property's record owner, Tyler found that Tobin Construction was the current owner merely by searching the Missouri Secretary of State's website and finding the corporations' merger. The title examiner had not known of Tobin Construction and Rosedale Development's connection before his search.

Contrary to the Unified Government's assertions, this case is not analogous to *Board of County Commissioners v. Alldritt*, 217 Kan. 331, 536 P.2d 1377 (1975), a case in which the court held that service by publication on a foreign corporation met due-process requirements. *Alldritt* involved an Oklahoma corporation that had a mineral-right interest in the property foreclosed for tax delinquency. But the court in *Alldritt* based its decision on the fact that there was no possible way to obtain personal service on the corporation: it had been dormant more than 20 years, its records had been destroyed, and no information existed that would show it had directors, officers, or a resident agent either in Oklahoma or Kansas. 217 Kan. at 332-35.

Here, Rosedale Development still existed, just by a different name. And a resource readily accessible to anyone contained the name and address at which to personally serve it (under its new name and merged corporate form). Moreover, the technological advances that have occurred in the 35 years since *Alldritt* was de-

cided, namely the Internet's invention and expansion, should dictate just how involved a government's search should be. Information that's only a few clicks away on the Internet is more readily accessible than the same information in a non-Internet form.

The Unified Government is also incorrect in insisting that the district court properly considered Tobin Construction's failure to file or record those documents that would have made its name and address change known in Hooser's search. It's true that Tobin Construction didn't file its articles of merger or update its registered agent's contact information with the Kansas Secretary of State's office. Also, Tobin Construction didn't update its contact information with the Wyandotte County Clerk. But the United States Supreme Court has ruled that "a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." *Mennonite Board of Missions*, 462 U.S. at 799. The State—here acting through the Unified Government—had a duty to use reasonable means to locate the owner. Here, the Unified Government learned that Rosedale Development, a Missouri corporation, had forfeited its right to do business in Kansas; but the Unified Government didn't make the reasonable follow-up step of checking this Missouri corporation's status in Missouri.

Finally, the Unified Government is correct that the Kansas Supreme Court has declared that a government's efforts to locate an owner's name and address should be proportionate to the property's use and value. *Akins*, 271 Kan. 192, Syl. ¶ 7. In this case, the district court found that the property appeared to have been abandoned, but it didn't make any findings as to the property's value. Although the Wyandotte County Appraiser's Office appraised the property at $2,400, a commercial-real-estate appraiser had valued the property at $65,000 six months before the foreclosure sale. The property's vacant nature should not work to preclude the process that is otherwise due to Tobin Construction, especially when a simple search would have disclosed Tobin Construction's proper name and address and when testimony exists that the property may be worth as much as $65,000. Even if the property was worth only $2,400, making a quick search on the Missouri Secretary of State's website would have been proportionate to the property's value.

Tobin Construction advocates that even more steps were necessary, including contacting Rosedale Development's last-known officers and directors. To have done so, the Unified Government would have had to request the documents providing this information (as it did later during discovery in this case) and then serve the company's officers and directors. But we need not determine how far the Unified Government would have had to go in its investigation because the Internet search on the Missouri Secretary of State's website was a reasonable step that should have been taken. See *Adcox*, 35 Kan. App. 2d at 638 (while the county is not required to exhaust every possible resource in attempting to determine an owner's address before resorting to publication service, a reasonable search is required).

The district court ignored the undisputed testimony that the Unified Government could have easily and reasonably found Tobin Construction's name and address for personal service. The district court's resulting negative finding that Tobin Construction had failed to meet its burden of proof was therefore incorrect. Because Tobin Construction's name and address for personal service of process were reasonably ascertainable, service by publication violated its due-process rights, and the tax sale, which violated Tobin Construction's constitutional rights, is void.

The judgment of the district court is reversed. The case is remanded to the district court with directions to void the tax sale and for such further proceedings as may be required consistent with this decision.