NOT DESIGNATED FOR PUBLICATION

No. 121,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE BOARD OF COUNTY COMMISSIONERS
OF MCPHERSON COUNTY, KANSAS,
*Plaintiff*,

v.

DEAN M. ANDERSON, et al.,
*Defendants*,

TRACEY CASEBEER, MELANIE CASEBEER,
KEVIN L. BOLTE, and TERRY D. BOLTE,
*Appellees*,

and

BRIAN HOPP,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOE DICKINSON, judge. Opinion filed November 13, 2020. Affirmed.

*Torrance R. Parkins*, of Gilliland Green LLC, of Hutchinson, for appellant.

*Jennifer M. Hill*, of McDonald Tinker PA, Wichita, for appellees.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

PER CURIAM:  Brian Hopp—the purchaser of two residential properties in a tax foreclosure sale—appeals from the district court's order setting aside the order confirming

sale. On appeal, Hopp argues that there was not substantial competent evidence to set aside the tax sale. He also argues that the district court abused its discretion and erred as a matter of law. Based on our review of the record, we find no reversible error. Thus, we affirm.

## FACTS

On February 23, 2018, the Board of County Commissioners of McPherson County filed a petition for tax foreclosure naming various defendants and listing numerous properties located in the county. This appeal relates to two of those properties: residential property owned by Tracey and Melanie Casebeer and residential property owned by Kevin and Terry Bolte. Both the Casebeers and the Boltes—as well as their families—lived in homes constructed on their respective properties.

It is undisputed that both the Casebeers and the Boltes had unpaid real property taxes due and owing at the time of the foreclosure action. Although the record indicates that both the Casebeers and the Boltes were served with a summons and a copy of the petition, neither party filed an answer or other responsive pleading. Several months later, on December 7, 2018, the district court entered a default judgment against all of the defendants who had failed to respond to the County's petition. This order included the Casebeers and the Boltes.

As ordered by the district court, a tax foreclosure sale was conducted by the McPherson County Sheriff on January 25, 2019. Brian Hopp purchased the Casebeer's house as well as the Bolte's house that is the subject of this appeal. On February 25, 2019, the district court entered an order confirming sale. A few weeks later, both the Casebeers and the Boltes filed motions to set aside the order. In response, the County filed an objection to the motion to set aside the order confirming the sale.

On July 5, 2019, the district court held an evidentiary hearing on the motion to set aside the order confirming sale. The Casebeers presented testimony that they lived in the house purchased by Hopp with three of their children. According to the Casebeers, they had lived in their home for approximately 18 years. Tracy Casebeer testified that he purchased the house based on an arrangement with his grandfather. It was his understanding that his grandfather was paying the real property taxes. However, after his grandfather's death, the Casebeers discovered from an aunt that the property taxes had not been paid.

Tracey Casebeer also testified that he went to the courthouse in September or October of 2018—which was prior to the entry of the default judgment—and spoke to the county attorney. Further, Casebeer testified that neither he nor his wife had been served with a summons or other legal documents relating to the tax foreclosure action and that he first learned about it when he went to the county attorney's office.

Casebeer testified that he asked about making incremental payments on the past due taxes, but he was told that the taxes had to be paid in full. In addition, Casebeer testified that he then tried to obtain a loan but was unable to do so. Casebeer recalled that although he returned to the county attorney's office again in January 2019 and attempted to pay the back taxes owed, he was told the house had already been sold. Evidence was also presented at the hearing that the Casebeer's home was valued at approximately $140,000 and was sold at the tax foreclosure sale for $20,000.

Terry Bolte also testified at the evidentiary hearing. Evidence was presented that the Boltes' home was worth approximately $159,900 and was sold at the tax foreclosure sale for approximately $15,000. Bolte testified that she received notice of the back taxes and contacted the county attorney in March or April 2018 regarding her taxes. Bolte recalled that the county attorney told her that they should have plenty of time to get the

money together to pay the back taxes. She testified that she spoke with the county attorney twice after she initially contacted him about trying to put the money together.

Bolte also recalled that she was told that they would receive a notice before a foreclosure sale was held. However, Bolte indicated that they did not receive notice and that the first time they learned about the tax sale was when Hopp came to the house with an eviction notice. She also denied ever receiving a copy of the motion for default judgment or a notice that the County had obtained a judgment prior to the sale. When asked on cross-examination why she never responded to the tax foreclosure petition, Bolte testified that she believed her contact with the county attorney was sufficient.

Hopp also testified regarding his purchase of the properties at the tax foreclosure sale. He testified that his plan was to rent the Casebeer house out for approximately $1,500 per month. Likewise, he testified that he planned to rent the Bolte house out for approximately $1,500 per month. After Hopp testified, the parties gave closing arguments. Neither the county attorney nor anyone from his office testified.

On July 24, 2019, the district court issued a letter decision. Citing K.S.A. 60-260(b)(1), the district court set aside the order confirming the tax foreclosure sale as it related to the Casebeer and the Bolte properties. In doing so, the district court found that although both the Casebeers and the Boltes "were negligent in their handling of the tax foreclosure sale," their neglect was excusable because they "obviously did not realize the consequences of their negligence . . . in not responding appropriately to the legal action taken by the County to collect unpaid back taxes."

Furthermore, the district court found that "[t]he results are truly catastrophic for each family, with their houses being sold for a small fraction of their value." The district court went on to explain:

"Mr. Casebeer believed he still had time to pay the back taxes and was prepared to do that, albeit only days after the sale was over. Mrs. Bolte believed that she would be receiving further notice prior to the sale of her house and so she was making efforts to resolve the issue with the understanding that she still had time to do so, having not received any additional notice. Each . . . was mistaken in their belief and because of [their] mistake, inadvertence, surprise or excusable neglect, K.S.A. 60-260(b)(1), they are granted relief from the judgment against each of their properties."

Regarding Hopp, the district court found that he "did nothing wrong by legally purchasing each property at a sheriff's sale for a price deemed 'adequate' pursuant to K.S.A. 60-2415." The district court also found that "Mr. Hopp, as purchaser, can be made whole by damages assessed against the Casebeers and Boltes." The district court also noted that Hopp's testimony regarding the rental value of the houses was not opposed. Thus, the district court asked "the parties to determine a just amount due Mr. Hopp" and, if they could not reach agreement, "a motion can be filed and heard."

Subsequently, both the County and Hopp filed timely notices of appeal. However, the County voluntarily dismissed its appeal. Consequently, Hopp is the sole remaining appellant in this action.

ANALYSIS

On appeal, Hopp contends that the district court erred in setting aside the order confirming the sale of the Casebeer and Bolte residences. In particular, he argues that the district court improperly "attempted to fashion an equitable remedy to undo the problems caused by the reckless indifference of Casebeer and Bolte." Hopp goes on to suggest that although the motivations of the district court "may have been laden with grace, [its] decision was based on numerous errors of law requiring reversal regardless of the standard of review." In response, the Casebeers and the Boltes contend that the district

5

court's order setting aside the order confirming the tax foreclosure sale was an appropriate application of the Kansas Rules of Civil Procedure.

To the extent that Hopp is contending that the district court did not have the statutory authority to set aside the order confirming the sale, the question is one of statutory interpretation over which we have unlimited review. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). K.S.A. 792-804b allows the owner to initiate proceedings to set aside the tax sale. See *J.A. Tobin Construction Co. v. Williams*, 46 Kan. App. 2d 593, 596, 263 P.3d 835 (2011). The statute provides that "[l]egal or equitable actions or proceedings may be brought to open, vacate, modify or set aside any judgment rendered for taxes, interest and costs or any order of sale . . . in the manner prescribed by the code of civil procedure . . . ." K.S.A. 79-2804b. Likewise, the statute requires that motions to set aside in these situations "must be commenced within twelve months after the date the sale of the real estate . . . was confirmed by the court." K.S.A. 79-2804b.

Turning to the Kansas Rules of Civil Procedure, K.S.A. 2019 Supp. 60-260(b)(1) provides that upon "motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding for . . . [m]istake, inadvertence, surprise or excusable neglect." Reading this statutory language in light of K.S.A. 79-2804b, we find that the district court had the authority to consider the motions to set aside the order confirming the sale filed by the Casebeers and the Boltes. Moreover, there is no allegation that the Casebeers or the Boltes failed to timely file their motions to set aside with the district court. Accordingly, we turn to the issue of whether the district court erred in applying K.S.A. 2019 Supp. 60-260(b)(1) in setting aside the order confirming the sale of the Casebeer and the Bolte properties.

We review the ruling of a district court granting relief under K.S.A. 60-260(b)(1) under an abuse of discretion standard. *Garcia v. Ball*, 303 Kan. 560, 565-66, 363 P.3d

399 (2015). Judicial action constitutes an abuse of discretion only if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. 303 Kan. at 566. An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. See *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015).

The term "excusable neglect" is not defined in K.S.A. 60-260(b)(1). Nevertheless, the Kansas Supreme Court has found that "inexcusable neglect" implies "something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978); see *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016) (quoting *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 [1974]). Furthermore, our Supreme Court has found that what constitutes "excusable neglect" under K.S.A. 60-260(b)(1) is fact sensitive and is to be determined on a case-by-case basis given the particular facts presented. *Jenkins*, 223 Kan. at 299.

Here, Tracy Casebeer and Terry Bolte testified at the evidentiary hearing regarding their communications with the county attorney's office regarding the back taxes and the tax foreclosure action. In particular, they testified regarding certain representations made by the county attorney or his staff that led them to believe that they did not need to officially respond to the tax foreclosure action. Significantly, no evidence was presented in opposition to this testimony, and the County has chosen not to participate in this appeal. Based on this unchallenged evidence, we find that the district court appropriately exercised its discretion in setting aside the order confirming the sale of the Casebeer and the Bolte properties.

Although we recognize that reasonable persons could disagree with the district court's conclusion and that the outcome may be quite different had the County presented

7

evidence to refute the testimony of Casebeer and Bolte, we find the district court's decision is supported by substantial competent evidence. Furthermore, based on the evidence in the record, a reasonable person could find sufficient evidence to constitute "excusable neglect" as the term is used in K.S.A. 2019 Supp. 60-260(b)(1). Moreover, we note that the district court also found that Hopp should "be made whole by damages assessed against the Casebeers and Boltes" and retained jurisdiction to resolve the damages issue should the parties prove to be unable to resolve their differences. Thus, because Hopp continues to have the ability to recover damages resulting from the order of sale being set aside, he should not be prejudiced by the district court's decision.

In conclusion, we find that the district court had the legal authority to set aside the order confirming the sale of the Casebeer and the Bolte properties under K.S.A. 2019 Supp. 60-260(b)(1) and K.S.A. 79-2804b. We also find that there was substantial competent evidence presented upon which a reasonable person could find "excusable neglect" under the circumstances presented and we will not replace our judgment for that of the district court. Accordingly, we conclude that the district court did not abuse its discretion, nor did it err as a matter of law. As such, we affirm the district court's decision.

Affirmed.