NOT DESIGNATED FOR PUBLICATION

No. 126,692

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS,
*Appellee*,

v.

JOSE ADAUTO, et al., *Defendants*,

and

MOSAIC CONSTRUCTION COMPANY, LLC,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Submitted without oral argument. Opinion filed November 27, 2024. Affirmed.

*Conrad Miller Jr.*, of Miller Law Firm, P.A., of Overland Park, for appellant.

*Wendy M. Green*, deputy chief counsel, Unified Government of Wyandotte County/Kansas City, Kansas, for appellee.

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Mosaic Construction Company, LLC., (Mosaic Construction) appeals the district court's denial of its motion to set aside a tax sale. On appeal, Mosaic Construction contends that the Unified Government of Wyandotte County/Kansas City, Kansas, (Unified Government) failed to properly serve it with notice of the tax sale. Based on our review of the record, we find that the Unified Government took reasonable

1

steps to locate the company's resident agent and made multiple attempts to serve it with notice of the impending tax sale before resorting to service by publication. Thus, we affirm the district court's denial of the motion to set aside the tax sale.

FACTS

For the most part, the facts material to the issue presented on appeal are not in dispute. In particular, it is undisputed that Mosaic Construction is a limited liability company that purchased a vacant lot located at 8833 R State Avenue in Kansas City, Kansas, in 2020. Due to the company's failure to pay property taxes—that had accrued on the vacant lot for several years—the Unified Government included it in a tax foreclosure case filed against the owners of multiple properties on January 26, 2022.

At the time of the petition's filing, the mailing address provided by Mosaic Construction to the Unified Government for tax statements was 2625 N. 91st Street, Kansas City, Kansas 66109. The Unified Government attempted to serve the limited liability company at that address on February 7, 2022. However, the return of service showed that this was a vacant house.

In checking the Kansas Secretary of State's website, the Unified Government found that the limited liability company was "active and in good standing." As a result, it also tried to serve Mosaic Construction's resident agent, Jontell Jones, at 1225 N. 78th Street, Kansas City, Kansas 66112, which was listed with the Secretary of State's office. But the process server indicated that he was unable to contact anyone at that address.

In addition, the Unified Government tried to serve the company's resident agent at 12204 Pebble Beach Drive, Kansas City, Kansas 66109, which was also listed with the Secretary of State's office. Yet the process server was told that the resident agent had

2

moved from that address. After attempting personal or residential service several times the Unified Government ultimately served Mosaic Construction by publication.

Subsequently, on August 18, 2022, the real property was sold at a tax sale by the Sheriff of Wyandotte County. Several months later, on March 20, 2023, Mosaic Construction filed a motion to set aside that tax sale. The district court held a hearing on the motion to set aside on June 23, 2023. At the conclusion of the hearing, the Honorable Robert P. Burns denied the motion. In doing so, he explained that Mosaic Construction had failed to update its address or the address of its resident agent with either the Unified Government or the Kansas Secretary of State as legally required. The district court also found that the Unified Government took reasonable steps to serve the company with notice of the tax sale. As a result, service by publication was appropriate.

Thereafter, Mosaic Construction filed a timely notice of appeal.

ANALYSIS

The sole issue presented in this appeal is whether the district court erred in denying Mosaic Construction's motion to set aside the tax sale. A motion seeking to set aside a tax sale under K.S.A. 79-2804b is similar to a motion seeking relief from a void judgment under K.S.A. 60-260(b)(4). See *J.A. Tobin Construction Co. v. Williams*, 46 Kan. App. 2d 593, 597, 263 P.3d 835 (2011). Although K.S.A. 60-260 motions are usually reviewed for abuse of discretion, our review of the question of whether a tax sale is void is unlimited. Moreover, the party attacking a tax sale on the ground of improper service must show that the property owner's address was "readily ascertainable" so that personal service could be obtained. *J.A. Tobin Construction*, 46 Kan. App. 2d at 597; see *Board of Reno County Comm'rs v. Akins*, 271 Kan. 192, 196-97, 21 P.3d 535 (2001).

3

On appeal, Mosaic Construction argues that the tax sale should be set aside since it did not receive proper notice of the tax sale. It also asserts that notice by publication was insufficient because the Unified Government could have served it—the limited liability company—through the Kansas Secretary of State's office. In response, the Unified Government contends that it took reasonable efforts to locate Mosaic Construction as well as to locate its resident agent. Moreover, the Unified Government maintains that Mosaic Construction failed to establish that the information necessary to obtain personal service was readily ascertainable. Finally, it reasons that service on the Secretary of State under these circumstances would have been futile because Mosaic Construction had provided that office with addresses that were no longer valid.

The United States Constitution guarantees that the government may not take one's property without due process. *Akins*, 271 Kan. at 196-97; see *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 795-98, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983). When the owner of real property fails to pay property taxes, the government may sell the property to pay those taxes after reasonable notice is given. K.S.A. 79-2301; *Akins*, 271 Kan. at 196-97. Even so, due process does not always require actual notice. Instead, the government "must attempt to provide actual notice." *Dusenbery v. United States*, 534 U.S. 161, 170, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002).

Generally, service of process can be obtained through any of the following statutorily approved methods in K.S.A. 2022 Supp. 60-301 et seq. When serving a domestic limited liability company or its registered agent residing in this state, K.S.A. 2022 Supp. 60-304(e)-(f) provides that service of process may be satisfied by the following: (1) serving an officer, manager, partner, or a resident, managing, or general agent; (2) leaving a copy of the document with any person in charge of any of its business offices; or (3) serving any agent authorized by appointment or by law and mailing a copy to the defendant. K.S.A. 2023 Supp. 60-304(e)(1)-(3); see *Board of Jefferson County Comm'rs v. Adcox*, 35 Kan. App. 2d 628, 640-41, 132 P.3d 1004 (2006).

4

In addition, service by publication may also be a viable substitute under certain circumstances. K.S.A. 2023 Supp. 60-307(a). Specifically, Kansas law allows for a tax sale notice to be made either by a personally served summons or by publication even if it does not actually reach the party. See K.S.A. 79-2801(a); *J.A. Tobin Construction Co.*, 46 Kan. App. 2d at 596. But if the owner's name and address are readily ascertainable, then "the government's failure to personally serve the owner renders the sale void." 46 Kan. App. 2d at 596; see *Mennonite Board of Missions*, 462 U.S. at 800.

The Kansas Secretary of State is also authorized to accept service—under certain circumstances—on behalf of a domestic limited liability company. For example, K.S.A. 2023 Supp. 60-304(f) authorizes the Secretary of State to accept service of process for a domestic limited liability company when

> "(1) It fails to appoint or maintain in this state a resident agent on whom service may be had; or (2) its resident agent cannot with reasonable diligence be found at the registered office in this state. Service on the secretary of state of any process, notice or demand must be made by delivering to the secretary of state, by personal service or by return receipt delivery, the original and two copies of the process and two copies of the petition, notice or demand." K.S.A 2023 Supp. 60-304(f).

Once process is served, the Secretary of State must forward it to the company's principal office as it appears in the records. K.S.A. 2023 Supp. 60-304(f).

As indicated above, Kansas courts require that the owner of real property who is challenging service in a tax sale case must show that the owner's name and address for personal service were "readily ascertainable" to the governmental entity. *Akins*, 271 Kan. at 196-97. If the owner cannot meet this burden, the governmental entity will prevail. But if the owner makes a prima facie case that this information was reasonably ascertainable, then the burden proof shifts back to the governmental entity to show that the owner's due process rights were not violated. *Adcox*, 35 Kan. App. 2d at 636.

5

If a district court finds that the owner fails to meet its burden, its negative finding will normally be upheld. *J.A. Tobin Construction Co.*, 46 Kan. App. 2d at 597; *Adcox*, 35 Kan. App. 2d at 636. This is true unless the district court's finding arbitrarily disregarded undisputed evidence or was based on things like "bias, passion, or prejudice." *J.A. Tobin Construction Co.*, 46 Kan. App. 2d at 597; see *Adcox*, 35 Kan. App. 2d at 636. The Kansas Supreme Court has also highlighted that property owners have a duty to keep a county informed about their address. *Akins*, 271 Kan. at 200. Still, a county must take reasonable efforts as well to locate a property owner before using publication notice. See 271 Kan. at 200. It is with these legal principles in mind that we turn to the record in this case.

Here, a review of the record reveals that the Unified Government took reasonable steps to ascertain Mosaic Construction's address and to obtain service of process. The Unified Government looked to its property records and attempted to serve Mosaic Construction at the listed mailing address. In addition, the Unified Government searched the Kansas Secretary of State's website to find Mosaic Construction's information regarding the name and address of its resident agent as well as the limited liability company's registered office. Although the Unified Government tried to obtain service at these addresses, its efforts were unsuccessful because Mosaic Construction failed to update the Unified Government or the Secretary of State's office with its current contact information.

Furthermore, we agree with the district court that Mosaic Construction failed to meet its burden to show the Unified Government did not make reasonable efforts to determine the owner's name and address in its attempts to obtain service of process. Mosaic Construction has not shown that the correct address of company or its resident agent was readily ascertainable. Although Mosaic Construction suggests that a "Google search" would have provided the Unified Government with the information it needed to

6

obtain service, it does not identify what such a search would have revealed. And it is not the role of this court to perform a factual investigation.

Even though Mosaic Construction attempts to introduce an exhibit for the first time on appeal that purports to indicate that it updated the address of its resident agent with the Kansas Secretary of State's office on February 24, 2023, this was several months after the tax sale was conducted. As such, there is nothing in the record to indicate that this updated address was readily available to the Unified Government at the time it was trying to obtain service on Mosaic Corporation. Accordingly, we conclude that it was reasonable for the Unified Government to obtain service by publication under the unique circumstances presented.

We additionally find that Mosaic Construction mischaracterizes the Unified Government's statutory responsibilities. See K.S.A. 79-2801(a); K.S.A. 2023 Supp. 60-307(a)(3)(D). These statutes expressly provide that notice via publication is an acceptable option for tax sales. K.S.A. 79-2801(a); K.S.A. 2023 Supp. 60-307(a)(3)(D). See also *Adcox*, 35 Kan. App. 2d at 637 ("It is undisputed that K.S.A. 60-307 allows for service by publication in a tax foreclosure case."). The Unified Government did its due diligence and unsuccessfully attempted to personally serve Mosaic Construction several times. Notice by publication only occurred after exhausting all statutorily available means to serve Mosaic and Jones, who was listed as the limited liability company's resident agent.

Finally, Mosaic Construction suggests that the Unified Government was required to serve it through the Kansas Secretary of State's office under K.S.A. 2023 Supp. 260-304(f). Based on the plain language of the statute, we find that this was another possible avenue for proper service. But we do not find that the Unified Government was obligated to serve the Kansas Secretary of State. Likewise, even if the Unified Government had attempted to obtain service through the Secretary of State, there is no reason to believe that it would have been any more effective than the multiple attempts already made by

the Unified Government. Mosaic Construction failed to update its address and the address of its resident agent, which made any attempt to serve the Secretary of State futile under these circumstances.

In summary, we conclude that the Unified Government was within its statutory rights to provide notice of the tax sale to Mosaic Construction via publication. See K.S.A. 79-2801(a); K.S.A. 2023 Supp. 60-307(a)(3)(D). Because this was a proper method of obtaining service in this case, the district court also had jurisdiction to order the tax sale. See *Adcox*, 35 Kan. App. 2d at 637. We, therefore, conclude that the district court appropriately denied Mosaic Construction's motion to set aside the tax sale.

Affirmed.